In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2203

Maureen Kevin and Kevin and Associates,

Plaintiffs-Appellants,

v.

Perry R. Thompson,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 7882--Suzanne B. Conlon, Judge.

Argued December 5, 2000--Decided December 20, 2000

Before Posner, Easterbrook, and Evans, Circuit Judges.

Easterbrook, Circuit Judge.  The State of Illinois
has issued social worker Maureen Kevin a license
that entitles her to practice as a "DUI
evaluator"--that is, to assess the prospects of
recidivism by persons who have been convicted of
driving under the influence of alcohol or other
drugs. Courts maintain lists of approved "DUI
evaluators" who may be appointed by judges to
provide advice about the appropriate disposition
of DUI cases. Except for a brief period, however,
Perry Thompson, the Presiding Judge of the
Misdemeanor and Traffic Division of the 18th
Judicial Circuit Court in DuPage County, has
excluded Kevin from its list of DUI evaluators.
Kevin contends in this suit under 42 U.S.C.
sec.1983 that Judge Thompson's decision violates
the due process and equal protection clauses of
the fourteenth amendment. The district court
dismissed the complaint under Fed. R. Civ. P.
12(b)(6). 2000 U.S. Dist. Lexis 5985 (N.D. Ill.
Apr. 24, 2000).

Kevin's due process argument is that the
court's decision effectively stripped her of her
license (or her right to practice her occupation)
without notice or an opportunity for a hearing.
The argument makes no sense. A license to engage
in an occupation does not imply a right to be
hired. Is a lawyer stripped of his law license if
one court declines to appoint him to represent

criminal defendants? Must every social worker be hired to write presentence reports in criminal cases? Physicians do not lose their right to practice medicine, or their medical licenses, if a single hospital refuses to extend staff privileges. Illinois Psychological Association v. Falk, 818 F.2d 1337 (7th Cir. 1987). Just so with social workers who want courts to hire some of their time to make sentencing recommendations about drunk drivers. Kevin has not been deprived of any legitimate claim of entitlement, has not lost liberty or property, and thus is not entitled to a hearing. See O'Bannon v. Town Court Nursing Center, 447 U.S. 773, 788 n.21 (1980); Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Upadhya v. Langenberg, 834 F.2d 661, 665 (7th Cir. 1987).

As for equal protection: again Kevin's position is based on a legal confusion, this time between the government's role as a regulator and its role as a purchaser in the market. Absence from the list means only that the court has decided not to engage her services as a DUI evaluator, making the decision as an institution rather than judge-by-judge or case-by-case. Kevin supposes that every agency of state government must hire her services unless it can prove to a federal court's satisfaction that her work is inferior to that of the DUI evaluators the court does engage, or that there is some other rational basis for omitting her from the list. She believes that, having filed suit, she is entitled to conduct a deposition of Judge Thompson and grill him about his criteria for designating the court's DUI evaluators. But why would that be so? Courts regularly obtain goods and services--furniture, computers, court reporters, lawyers to represent indigent defendants, and so on--without the need to set up elaborate or even articulable methods for choosing among those who are willing to supply what is needed.

Like all other units of government, courts must refrain from discriminating on improper grounds, such as race or speech. Beyond that, however, governmental bodies are free to participate in markets just as other buyers do, which includes a right to pick and choose among would-be sellers. See O'Hare Truck Service, Inc. v. Northlake, 518 U.S. 712, 724-25 (1996). Cf. Waters v. Churchill, 511 U.S. 661, 672-75 (1994); Building & Construction Trades Council v. Associated Builders & Contractors, 507 U.S. 218 (1993); Kelley v. Johnson, 425 U.S. 238 (1976). When appointing lawyers to represent indigent defendants (or for that matter when hiring law clerks), judges consider many factors that cannot be reduced to a neat, unidimensional index of merit. So long as opportunities in private life

are unencumbered--both lawyers and social workers have many private-sector opportunities, not to mention openings at courts and agencies other than the 18th Judicial Circuit--a public actor's hiring or appointment decisions are no more in need of justification than a private actor's. The equal-protection clause should not be confused with a civil-service system, or the federal judiciary with the Merit Systems Protection Board. This makes it unnecessary to consider Kevin's argument that Hilton v. Wheeling, 209 F.3d 1005 (7th Cir. 2000), misunderstands Willowbrook v. Olech, 528 U.S. 562 (2000), when holding that proof of malicious animus is essential to an equal protection claim arising from the government's decision to single a person out for adverse action. The 18th Judicial Circuit Court has not heaped disabilities on Kevin or regulated her in any way; it has simply decided that the court will not buy her services in a competitive market. Kevin does not contend that any fact that public actors are not permitted to consider was held against her, so her complaint was properly dismissed.

Affirmed