I concur in the main opinion. I write specially to note additional considerations that persuade me its reasoning is sound under the particular procedural and evidentiary posture of this case.
The United States Supreme Court's decision on which the main opinion and my special concurrence pivot, Village of Willowbrookv. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), is a short and forthright, but somewhat perplexing, opinion. I am perplexed by the fact that the Supreme Court granted Grace Olech's petition for writ of certiorari "limited to" only one of the questions presented by the petition:
 "Whether the Equal Protection Clause gives rise to a cause of action on behalf of a `class of one' where the claimant does not allege membership in a class or group, but asserts that vindictiveness motivated the government to treat her differently than others similarly situated."
Brief of Petitioners at p.i., Olech.
Subsequently, in its February 23, 2000, opinion the Court stated: "We granted certiorari to determine whether the Equal Protection Clause gives rise to a cause of action on behalf of a `class of one' where the plaintiff did not allege membership in a class or group." 528 U.S. at 564, 120 S.Ct. 1073. The Court appears to have rephrased the question accepted for review so as to eliminate from consideration the element of vindictive motivation.
Olech and her husband, residents of the Village of Willowbrook, had applied to the Village to connect their house to its water system, after their well failed. The Village agreed to connect the Olechs' house to its water system, but required as a condition that the Olechs grant it a 33-foot easement, rather than the 15-foot easement customarily required of all other residents connecting to the water system. The larger easement would permit the Village to widen the road on which the Olechs lived. Although the Village subsequently relented and allowed the water connection upon the grant of only a 15-foot easement, the Olechs were without water for three months. Olech v. Village ofWillowbrook, 160 F.3d 386, 387 (7th Cir. 1998). In Ms. Olech's ensuing lawsuit, she alleged that the Village and two of its officials had been motivated to insist on the larger easement because "the Olechs earlier had sued the Village and obtained damages, for flood damage caused by the Village's negligent installation and enlargement of culverts located near the Olechs' property." 160 F.3d at 387. Ms. Olech alleged that the flood-damage lawsuit had generated substantial ill will and that she and her husband "had been treated differently, to their detriment, from all other property owners in the Village only because their meritorious suit against the Village had angered Village officials." 160 F.3d at 388. The federal district judge granted the defendants Rule 12(b)(6), Fed.R.Civ.P., motion for dismissal, on the ground that Ms. Olech had not sufficiently alleged the type of malice giving rise to Equal Protection Clause liability under prior caselaw. On appeal, the United States Court of Appeals for the Seventh Circuit characterized the case as falling within the category of "vindictive-action equal protection cases" and reversed, holding that if the Village had refused to perform its obligation to provide water for one resident "for no reason other than a baseless hatred, then it denies that resident the equal protection of the laws. And that is sufficiently alleged." 160 F.3d at 388. The court explained that in that *Page 690 
class of equal-protection case, the plaintiff must prove "that the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendant." 160 F.3d at 388.
Despite this background, the Supreme Court ignored the phrasing of the question it had accepted for certiorari review, and engaged in the following "linking" rationale: Because its cases had previously recognized that an equal-protection claim might be brought by a "class of one" if the plaintiff alleged that he or she had been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," 528 U.S. at 564, 120 S.Ct. 1073, a plaintiff whose complaint alleged that the defendant had intentionally demanded a concession significantly different from that required from other similarly situated property owners, and that the demand was "irrational and wholly arbitrary" would sufficiently state a "class of one" equal-protection-violation claim. Thus, Ms. Olech's allegations that the Village had intentionally demanded a 33-foot easement rather than the 15-foot easement it required of all other similarly situated property owners and that the demand was irrational and wholly arbitrary were, "quite apart from the Village's subjective motivation," sufficient to state a claim. 528 U.S. at 565, 120 S.Ct. 1073
(emphasis supplied). Therefore, the Supreme Court affirmed the judgment of the Court of Appeals for the Seventh Circuit, which had reversed the district court's Rule 12(b)(6) dismissal, but solely on the basis of its separate analysis. It explained that it did "not reach the alternative theory of `subjective ill will' relied on by [the Court of Appeals]." 528 U.S. at 565,120 S.Ct. 1073.
It is significant to me that Justice Breyer squarely put before the majority the option of affirming the judgment of the Seventh Circuit on the basis of Ms. Olech's express averment of subjective ill will, but the majority would have none of it; it opted to put all of its eggs in one basket by declaring that a complaint alleging only intentional discriminatory treatment that is irrational and wholly arbitrary is sufficient to state a claim for relief under traditional equal-protection analysis.
In Williams v. Pryor, 240 F.3d 944 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit stated the following, in internally confusing dictum (the claim at issue in that case was exclusively "a fundamental rights facial challenge to [an] Alabama statute," 240 F.3d at 952):
 "The Supreme Court recently reaffirmed the Equal Protection Clause is violated (in cases in which heightened scrutiny does not apply) when the plaintiff — whether a class, group, or simply one individual — proves `that she has been intentionally treated differently than other similarly situated and there is no rational basis for the difference in the treatment.' Village of Willowbrook v. Olech, 528 U.S. 562[, 120 S.Ct. 1073, 145 L.Ed.2d 1060] . . . (2000) (holding that plaintiff stated constitutional Equal Protection Clause cause of action by alleging that village acted irrationally, wholly arbitrarily and out of malice
toward plaintiff when it demanded a 33-foot easement from plaintiff, contrary to 15-foot easements obtained from others similarly situated)."
240 F.3d at 951 (emphasis supplied).
In Tri-County Paving, Inc. v. Ashe County, 281 F.3d 430 (4th Cir. 2002), by way of contrast, the court expressed its understanding of the holding of Olech to be that the Supreme Court had "made clear" in that case "that a party can bring an equal-protection claim by alleging that *Page 691 
it has `been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" 281 F.3d at 439. (The plaintiff in that case lost at summary-judgment stage because it had "not provided evidence that it was irrationally or arbitrarily treated differently from similarly situated parties." 281 F.3d at 440.)
Two other federal circuit courts of appeal have expressed their understanding that the Supreme Court has eliminated subjective motivation as a necessary element in a class-of-one equal-protection-violation claim. Burns v. State Police Ass'n ofMassachusetts, 230 F.3d 8, 12 n. 4 (1st Cir. 2000); Costello v.Mitchell Public School Dist. 79, 266 F.3d 916, 920 (8th Cir. 2001).
In the final analysis, I cannot agree with the seemingly "head-in-the-sand" approach of the Seventh Circuit, by which it ignores the explicit holdings of the Supreme Court in Olech, and elects to accept as controlling the opinion of Justice Breyer concurring in the result. I see no reasonable way of interpreting the opinion of the Supreme Court in Olech other than to accept it at face value. Justice Breyer presented his position and rationale to the rest of the Court, and the other Justices were not persuaded; they decided explicitly and without ambiguity that a plaintiff making a class-of-one equal-protection claim has sufficiently stated a claim for relief under traditional equal-protection analysis when he or she alleges (1) that he or she has been intentionally treated differently from others similarly situated and (2) that the treatment was irrational and wholly arbitrary, "quite apart from [the defendant's] subjective motivation." 528 U.S. at 565, 120 S.Ct. 1073. Although, as explained above, I find the holding procedurally perplexing, I cannot ignore the short and to the point actual holding.
In closing, I observe that, in my view, our holding in no way precludes the defendants from subsequently coming forth withproof that there was a rational and nonarbitrary basis for their decision. At the stage the case reaches us, however, as the main opinion so ably explains, there is no proof in the record of that justification.
SEE and LYONS, JJ., concur.