**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

**REVISED DECEMBER 8, 2005**

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 04-30650

_____

UNIQUE PROPERTIES LLC, Unique Properties LLC; CHARLES D CHAUVIN, II,

Plaintiffs-Appellants,

versus

TERREBONNE PARISH CONSOLIDATED GOVERNMENT; ET AL,

Defendants,

TERREBONNE PARISH CONSOLIDATED GOVERNMENT; HOUMA TERREBONNE REGIONAL PLANNING COMMISSION,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 4:01-CV-3503-I

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Unique Properties LLC ("Unique") and Charles D. Chauvin, II, appeal the district court's

orders granting Defendants' motion for JMOL and denying various Plaintiffs' motions. On appeal,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chauvin and Unique claim that (1) the defendants failed to preserve the post-trial JMOL grounds improperly accepted by the district court; (2) JMOL was inappropriate because there was sufficient evidence of unequal treatment; (3) they are entitled to a new trial or additur because of the district court's improper jury charge, its failure to permit evidence of a failed settlement, the Defendants' misconduct in discovery, evidence that an appraiser withheld evidence, and the "compromise" verdict of the jury; and (4) they are entitled to injunctive relief and an award of costs and attorney's fees.

Chauvin and Unique sought approval from the Houma-Terrebonne Regional Planning Commission ("HTRPC") to subdivide a tract of land. The application lacked drainage plans. After HTRPC granted conceptual and preliminary approval, Unique requested a waiver of engineering. Concerned about heavy flooding and lack of drainage plans, the HTRPC denied Unique's request.

Plaintiffs filed a 42 U.S.C. § 1983 action, asserting, *inter alia*, that they were denied equal protection with the denial of their request for a waiver of engineering. The jury returned a verdict against HTRPC. The Defendants then renewed their motion for JMOL. Plaintiffs filed numerous motions for, *inter alia*, a new trial and costs. The district court denied the Plaintiffs' motions and granted the Defendants' renewed JMOL motion.

The Plaintiffs claim that the Defendants failed to preserve the grounds for their post-trial motion for JMOL. A motion for judgment as a matter of law filed post-verdict cannot assert a ground that was not included in the motion for judgment as a matter of law made at the close of the evidence. *Morante v. American Gen. Fin. Ctr.*, 157 F.3d 1006, 1010 (5th Cir. 1998). The district court granted Defendants' JMOL motion, finding that the Plaintiffs were not similarly situated to other developers who obtained HTRPC approval. The Defendants' pre-verdict JMOL motion addressed this issue; thus, the Defendants properly preserved the grounds for their post-trial motion for JMOL.

2

The Plaintiffs contend that there was legally sufficient evidence for the jury to reach its verdict in their favor and, thus, that JMOL was inappropriate. "As a prerequisite to [an equal protection] claim, the plaintiff must prove that similarly situated individuals were treated differently." *Beeler v. Rounsavall*, 328 F.3d 813, 816 (5th Cir. 2003), *citing Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999). Chauvin and Unique do not allege disparity in treatment due to a suspect classification but contend that they are in a "class of one." In "class of one" cases, the plaintiff must show that she was intentionally treated differently than those similarly situated without a rational basis for the distinction. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Land use classifications have a rational basis if they are "rationally related to a legitimate government interest." *Jackson Court Condominiums, Inc. v. City of New Orleans*, 874 F.2d 1070, 1079 (5th Cir. 1989). The district court correctly found that the Plaintiffs were not similarly situated to other applicants and that drainage and street flooding issues are related to a legitimate government interest. Thus, the denial of the application was properly granted.

Having fully considered the arguments of counsel addressing the Plaintiffs' various motions, we find that the district court properly denied them.

The orders are, accordingly, AFFIRMED.