NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0470n.06

No. 09-4229

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

MICHAEL C. BERTOVICH,

    Plaintiff-Appellant,

      v.

VILLAGE OF VALLEY VIEW, OHIO,

    Defendant-Appellee.

> **FILED**
> *Jul 12, 2011*
> LEONARD GREEN, Clerk

On Appeal from the United States District Court for the Northern District of Ohio at Cleveland

---

**Before:**      **GUY, BOGGS, and GIBBONS, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Following a bar fight in a restaurant involving plaintiff Michael C. Bertovich and an auxiliary police officer, Bertovich filed suit under 42 U.S.C. § 1983 against the restaurant; the auxiliary officer; the Village of Valley View, Ohio; and Valley View police officers. The district court dismissed Bertovich's Fourteenth Amendment claims against Valley View, based on the Village's Fed. R. Civ. P. 12(b)(6) motion. Bertovich appeals that ruling, asserting that he stated legally sufficient claims against the Village of Valley View for violations of his rights to equal protection and due process. Finding no error on the part of the district court, we affirm.

**I**.

**A.      Factual Background**

The following factual background comes from Bertovich's First Amended Complaint. On an evening in July 2005, Bertovich and his father were at the bar of the Quaker Steak and Lube restaurant in Valley View, Ohio. When Bertovich hugged his father, another patron at the bar (now known to be Lino Bartolozzi) called Bertovich and his father "faggots," following which Bertovich gestured and spoke offensively to Bartolozzi.

Bertovich alleges that he and his father then moved to a bar on the patio, but were followed by Bartolozzi and another man. A physical fight ensued. Bertovich alleges that after a bartender collared his father, Bertovich was jumped from behind by Thomas Cooke, an "auxiliary" Euclid, Ohio police officer and Valley View business owner. Bertovich was transported by ambulance to the Metro Health Medical Center where he underwent emergency surgery on his right leg, which suffered a compound fracture during Cooke's attack. Bertovich alleges permanent injury and pain to his leg as a result of Cooke's actions.

Valley View police officers arrived at the scene shortly after the incidents described above. Bertovich asserts that once officers learned that it was Cooke who had been described as the assailant, the officers deliberately failed to conduct a proper investigation. Bertovich alleges that this failure was because of the officers' familiarity with Cooke and Cooke's status as both an auxiliary officer in a nearby town and a partner in a Valley View business.[1] Bertovich alleges that he requested a thorough investigation of the incident and requested

---

[1] Bertovich also alleges the police officers did not pursue an investigation because they disliked Bertovich and his father, who is a former city councilman.

that Valley View charge Cooke with a crime, but it never happened. He also claims that after he collected witness statements (because Valley View refused to investigate), he was informed by the police that a special prosecutor would be assigned to "assess" the situation, but no such action was ever taken.

**B.      Procedural Background**

Bertovich first sued Cooke and the owners of Quaker Steak and Lube in state court. That complaint was dismissed without prejudice in April 2007. Later that year, Bertovich filed a complaint in federal district court against Valley View and "John Doe" police officer defendants.[2] As to Valley View, Bertovich asserted a deliberate failure to investigate and protect, both because Valley View was (1) acting on a personal animus against Bertovich, and (2) protecting Cooke, who owned a business in Valley View and had connections to the police department. Bertovich alleged Valley View's action and/or inaction violated Bertovich's constitutional rights to equal protection and due process of law.

Bertovich was granted leave by the district court to file an amended complaint, in which he added claims against Cooke and Quaker Steak and Lube. Valley View again moved to dismiss the claims brought against it, and the district court granted that motion the following September. Subsequently, the district court granted Quaker Steak and Lube's motion for summary judgment, and Bertovich's claims against Cooke went to trial by jury. The jury returned a verdict in Bertovich's favor in August 2009. Following the trial, Bertovich filed an appeal of the district court's dismissal of his claims against Valley View.

---

[2]It does not appear that these "John Doe" defendants were ever identified or served.

**II**.

We review *de novo* the district court's determination on a Fed. R. Civ. P. 12(b)(6)

motion to dismiss. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *cert. denied*, 129

S. Ct. 905 (2009). The complaint is construed in the light most favorable to the plaintiff, and

well-pleaded factual allegations are accepted as true. *Terry v. Tyson Farms, Inc.*, 604 F.3d

272, 274 (6th Cir. 2010) (citation omitted), *cert. denied*, 131 S. Ct. 1044 (2011).

Bertovich's First Amended Complaint contains six counts. Only the first three counts

apply to Valley View. These are: (1) "Violation of Due Process and Equal Protection of

Law under 42 U.S.C. § 1983"; (2) "Unlawful Policy of the Village of Valley View"; and (3)

"Unlawful conspiracy to deprive Plaintiff of Constitutional Rights," which is not before us

on appeal.[3] In the first count, Bertovich alleges that Valley View and its police officers

> deprived Plaintiff of due process and equal protection of the law by failing to
> meaningfully investigate and assess the facts of the incident and by protecting
> and shielding Cooke from investigation, liability, and prosecution and by being
> motivated by personal animus against the Plaintiff such that no rational basis
> existed for not taking appropriate action in relation to the incident.

The second count asserts that

> [t]he Village is liable to the Plaintiff because its actions and inaction as alleged
> hereinabove were the result of an unconstitutional policy to not investigate
> crimes and to shield actors from liability, both criminal and civil, as a result of
> their status as business owners in the Village and/or persons who are related
> to the police department.

Valley View brought its "motion to dismiss plaintiff's first amended complaint in

part," requesting that the district court dismiss the first three counts of Bertovich's First

---

[3]Bertovich does not reference this claim in his briefs and has thus waived it on appeal.

Amended Complaint. Bertovich did not respond to the motion. Rather than dispose of the motion on the basis that Bertovich had not filed any opposition, however, the district court made its determinations on the merits.[4]

Citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291 (6th Cir. 2005), the district court listed the three types of discrimination by a government entity that are prohibited by the equal protection clause of the Fourteenth Amendment: (1) burdening of a fundamental right; (2) targeting a suspect class; and (3) treatment of one differently than another similarly situated without a rational basis for the difference. *Id*. at 312. The district court found that because Bertovich had no constitutional right to a criminal investigation, he had not stated a claim for the first type of equal-protection violation. Noting that Bertovich had not alleged that he was a member of any suspect class, the district court disposed of the second type. Concerning the third type of discrimination, the district court found Bertovich had not alleged any facts concerning similarly situated individuals.

On the due-process claim, the district court determined that Bertovich had failed to state a claim for procedural due process, for the reason that he had not alleged the deprivation of either a property or a liberty interest. The district court also found Bertovich had failed to state a claim for a violation of his substantive-due-process rights, because Bertovich had no constitutional right to the criminal investigation of another. The district court next addressed Bertovich's assertion in Count II that his constitutional rights were violated by

---

[4]Valley View's appellate brief first asserts that Bertovich thus waived his opposition to dismissal. Because the district court did not dismiss the case on the basis of waiver, however, we will address the merits.

Valley View's alleged "policy" not to investigate crimes of persons who own businesses in Valley View, or who are connected in some way to a police department. Noting its determination that Bertovich had not alleged any constitutional injury, the district court also dismissed this claim.

On appeal, Bertovich generally asserts that his claims "had sufficient legal plausibility and factual content to allow the district court to draw the reasonable inference . . . that Valley View violated Appellant's right to equal protection and due process." He concedes that he does not make any equal-protection claim based on the burdening of a fundamental right or the targeting of a suspect class. Rather, he argues that he is a "class of one" who was treated differently than similarly situated individuals without a rational basis for the different treatment. *See Cruz v. Town of Cicero*, 275 F.3d 579, 587 (7th Cir. 2001); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004). Concerning his due-process claim, he asserts that he pleaded facts showing sufficiently egregious government action to constitute a violation. We will address the pertinent allegations in turn.

**A.       Equal Protection**

A "class of one" equal protection claim is one in which a plaintiff alleges that he or she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "A 'class of one' plaintiff may demonstrate that government action lacks a rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-

will." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 788 (6th Cir. 2005) (citing *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710-11 (6th Cir. 2005)). In dismissing this claim, the district court found that Bertovich had failed to "allege any facts from which one might conclude he was treated differently from others that are similarly situated." A close examination of the factual allegations confirms that Bertovich does not point to any individual who was treated differently, and makes no allegation that any other individual had been able to effect a criminal investigation by his or her request. In fact, Bertovich himself acknowledges that there *was* an investigation, but asserts that such investigation was only "cursory." Bertovich has not pointed to any facts supporting his contention that a similarly situated victim, without the alleged adversarial relationship with municipal leadership, would enjoy a higher level of attention from law enforcement.

Had we determined that Bertovich's allegations satisfied the differential-treatment pleading requirement, he would nonetheless have failed to state a claim. This is because his allegations also fall short concerning Valley View's lack of a rational basis for the treatment. Although Bertovich makes allegations concerning an "animus" held against him by the Village of Valley View, and Valley View's "desire . . . to protect Cooke from both civil and criminal liability," his allegations include no specific information.[5]

Bertovich's complaint asserts that Valley View police "refused to interview relevant and credible witnesses," and "generally 'blew off' the incident." Concerning the "animus,"

---

[5]Valley View asserts that Bertovich's allegations also fail because he does not allege that the "animus" driving the acts he attributes to Valley View was an official policy or custom. We need not address the application of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), to Bertovich's claims, as we have disposed of them on other grounds.

Bertovich alleged that the inaction occurred "in part because Cooke was an auxiliary police officer in the City of Euclid and was the part owner of a business in Valley View," and because "Plaintiff and his father were known to [the police] and they assumed, without evidence or support, that the incident giving rise to Plaintiff's injury was somehow his fault when, in fact, Cooke violently and without provocation attacked the Plaintiff from behind and severely injured him." Bertovich has not supported any of these conclusory allegations with any further factual allegations.[6]

We note, finally, the district court's alternative finding that if the complaint were read to allege that Bertovich was similarly situated to Cooke, but received different treatment, his claim would also fail. Bertovich does not allege differential treatment of Cooke and Bertovich as he acknowledges that neither was prosecuted following the altercation. Valley View addresses this finding in its assertion that

> [t]o properly allege that the Village violated Bertovich's right to equal protection of the law, Bertovich would, at the very least, have to allege that *either* he was not shielded from investigation and/or prosecution—as he alleges Cooke was—and that Bertovich and Cooke were similarly situated, *or*; that the Village investigates similarly situated individuals' complaints in a decidedly more robust manner than it investigated the incident involving Bertovich and Cooke.

---

[6]Bertovich cites to various cases discussing "class of one" equal protection claims, including that of *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. 1995), a case in which the Seventh Circuit found the plaintiff had stated an equal protection claim and reversed the district court. We note the vast difference between the pleadings in this case and those in *Esmail*, where a Naperville, Illinois liquor store owner who was twice denied the issuance of a retail liquor license (purportedly on the basis of a past, trivial, ordinance infraction) made an equal protection claim against the city's mayor, among other defendants. Esmail claimed the denials were due to personal animus on the part of the mayor, and attributed it to certain, *specific* interaction which had occurred in the past. Moreover, Esmail gave a *specific* list of examples of individual liquor dealers who had infractions more serious than Esmail's, and who were treated more favorably than Esmail. No such factual pleading exists in the case at bar.

(Emphasis added.) Bertovich has done neither, and as discussed above, has included no factual allegations from which to infer the lack of a rational basis for Valley View's actions. His complaint simply falls short of what is required for this claim.

**B.      Due Process**

Bertovich makes no argument about procedural due process. He maintains that he was deprived of his right to substantive due process, however, because Valley View conducted "essentially no investigation of the circumstances which led to his severely fractured leg."[7]

To state a claim of substantive due process, Bertovich must allege facts that would establish that "(1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *Braun v. Ann Arbor Charter Twp*., 519 F.3d 564, 573 (6th Cir. 2008). However, individuals have no "judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). We have similarly noted that citizens have "no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). Recognizing this, the district court properly determined that Bertovich had no substantive due process claim.

---

[7]Bertovich suggests, without support, that his *liberty* interest was impaired as a result of the failure to investigate Cooke. He also asserts that the failure to investigate was "designed to protect [Cooke] from either civil or criminal liability" in spite of the fact that he successfully pursued his civil remedies against Cooke.

The judgment of the district court is **AFFIRMED**.