**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD F. MARTINEZ, | No. 11-56737 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-02613-JAH-CAB |
| v. | |
| L. E. SCRIBNER, Warden, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ronald F. Martinez, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his procedural due process, equal protection, and First

Amendment rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, and may affirm on any ground supported by the record. *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Martinez's due process claim because Martinez's retention in administrative segregation after he served his 15-month term in the Segregated Housing Unit did not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The district court properly granted summary judgment on Martinez's equal protection claim because Martinez failed to raise a genuine dispute of material fact as to whether he was "intentionally treated differently from others similarly situated and [whether] there [was] no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Even though the district court applied an incorrect subjective standard, summary judgment was nonetheless proper as to Martinez's First Amendment retaliation claim because Martinez failed to raise a genuine dispute of material fact as to whether defendants' actions "'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (emphasis and citation omitted).

**AFFIRMED.**