[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12616
_____

D.C. Docket No. 2:10-cv-00392-UA-DNF

APOTHECARY DEVELOPMENT CORPORATION,
d.b.a. Island Drug,
LARRY G. HEINE,
SUSAN K. HEINE,

                    Plaintiffs - Appellees,

versus

CITY OF MARCO ISLAND FLORIDA,

                    Defendant,

THOM CARR,
individually and as Chief of Police of Marco Island, Florida,

                    Defendant - Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2013)

Before DUBINA, Chief Judge, BARKETT and KLEINFELD,[*] Circuit Judges.

PER CURIAM:

Appellant Thom Carr appeals the district court's denial of his motion to dismiss Appellee Apothecary Development Corporation d/b/a Island Drug, Larry G. Heine, and Susan K. Heine's (collectively "Plaintiffs") 42 U.S.C. § 1983 complaint.  Carr argues that Plaintiffs failed to assert violations of clearly established constitutional rights and that he is entitled to qualified immunity.  We agree with Carr that Plaintiffs have failed to properly allege a violation of their equal protection rights.  However, we also agree with the district court's order that Plaintiffs have properly alleged violations of their substantive due process rights and that dismissal based on qualified immunity at this stage in the proceedings would be premature.  Accordingly, we affirm in part and reverse in part the district court's order denying Carr's motion to dismiss.

I.

In their second amended § 1983 complaint, Plaintiffs allege that from June 9, 2010, Carr, along with other members of the Marco Police department, began a "systematic police operation designed to harass" Island Drug and disturb its business operations.  [R. 47 ¶ 9.]  The district court summarized Plaintiffs' allegations in this regard, explaining that they:

---

[*] Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

include posting police vehicles in conspicuous locations near the business premises so as to inhibit patronage; issuing trespass warnings, searching, and threatening to arrest Plaintiffs' customers without reasonable suspicion, probable cause, or legal justification of any kind; harassing and accosting Plaintiffs' customers inside and outside of the business premises; demanding Plaintiffs cease filling lawful prescriptions for non-local residents; and threatening to close down business operations.

[R. 57 at 2.]

The district court found that Plaintiffs' complaint properly pleaded violations of both their substantive due process and equal protection rights. The district court also found that dismissal based on qualified immunity was not warranted. This appeal follows.

## II.

We review *de novo* the district court's denial of Carr's motion to dismiss based on qualified immunity. *See Maggio v. Sipple*, 211 F.3d 1346, 1350 (11th Cir. 2000). "An appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim," rather, we must determine only "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S. Ct. 2806, 2816 (1985); *see also Keating v. City of Miami*, 598 F.3d 753, 760 (11th Cir. 2010) (noting that "[t]his Court's

appellate jurisdiction in matters challenging the denial of qualified immunity in a motion to dismiss extends only to the legal issues surrounding the district court's denial of [the defendants' motion] to dismiss, *i.e.*, issues concerning whether [the plaintiffs'] complaint sufficiently alleged the violation of a clearly established right" (internal quotation marks omitted)).

## III.

Looking at the four corners of the complaint, and taking its allegations to be true, we agree with the district court that at this stage of the proceedings, Plaintiffs have provided sufficient facts to establish a violation of their substantive due process rights. The complaint alleges that as a result of Carr's actions, Plaintiffs have lost the freedom to pursue the livelihood of their choice. If true, such behavior is a violation of a clearly established constitutional right. *See Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1045 (11th Cir. 1989) (noting that the Fourteenth Amendment's due process clause guarantees citizens the right "to be free in the enjoyment of all his facilities; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling; and to pursue any livelihood or avocation"). Accordingly, Plaintiffs' substantive due process allegations survive Carr's motion to dismiss.

## IV.

4

Plaintiffs' equal protections claims, however, do not survive, because they have failed to provide sufficient facts to establish a violation of their equal protection rights.

Plaintiffs assert that Carr violated its equal protection rights because eight other similarly situated pharmacies were not targeted by police. Although not addressed by the district court, Plaintiffs have asserted a "class of one" claim. "[A] 'class of one' claim involves a plaintiff who 'alleges that [it] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000)). In cases that involve a qualified immunity defense, plaintiffs who fail to allege both elements of a "class of one" equal protection claim have not met their burden of showing that the defendant's conduct violated a constitutional right. *Id.*

Plaintiffs' complaint baldly asserts that the alleged harassing behavior "is being directed at and executed against Plaintiffs and their customers only, and not against similarly situated pharmacies, employees and customers in the Marco Island area." [R. 47 ¶ 10q.] This is insufficient. "Bare allegations that 'other' [pharmacies], even 'all other' [pharmacies], were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that

these 'other' [pharmacies] were situated similarly to the plaintiff." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). Accordingly, Plaintiffs' equal protection claim must fail.

V.

We agree with the district court that dismissal of Plaintiffs' complaint based on qualified immunity grounds at the motion-to-dismiss stage is not appropriate in this case. "Qualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1305 (11th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). As stated, Plaintiffs' complaint has sufficiently pleaded facts that, taken as true, violate Plaintiffs' clearly established substantive due process rights. As such, the district court was correct to deny qualified immunity at this stage of the proceedings.

The district court's order is **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**