FILED

APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD E. GALLO,

　　　　　　Plaintiff - Appellant,

　v.

CHERYL BURSON, Associate Warden of Programs; et al.,

　　　　　　Defendants - Appellees.

No. 13-15543

D.C. No. 2:11-cv-01080-PMP-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted April 7, 2014[**]

Before:　　TASHIMA, GRABER, and IKUTA, Circuit Judges.

　　Nevada state prisoner Richard E. Gallo appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First, Eighth, and

Fourteenth Amendment claims concerning his placement in administrative and

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

disciplinary segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Gallo's retaliation claims concerning his placement in segregation and his inability to get the proper grievance forms because Gallo failed to allege facts showing that defendants acted with retaliatory intent to chill his exercise of protected conduct, or that their actions and policies did not advance valid correctional goals. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of retaliation claim).

The district court properly dismissed Gallo's due process claims because, even assuming that Gallo's placement in administrative or disciplinary segregation implicated a protected liberty interest because it accompanied at loss of privileges and the brief confiscation of his appliances, Gallo admitted that he received all the process he was due. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974) (where liberty interest is implicated, prison officials must provide advance written notice of the claimed violation; a written statement as to the evidence relied upon and the reasons for the disciplinary action taken; and a limited right for inmates to call

witnesses and present documentary evidence in their defense).

Dismissal of Gallo's cruel and unusual punishment claims was proper because Gallo failed to allege facts showing that his placement in administrative or disciplinary segregation posed a substantial risk of serious harm to his health or safety, or denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (for Eighth Amendment claim, plaintiff must allege that defendants deliberately ignored a substantial risk of serious harm to his health or safety).

The district court properly dismissed Gallo's equal protection claims because Gallo failed to allege facts showing that defendants' policy regarding "convenience bed moves" resulted in treating him differently from others similarly situated without a rational basis or discriminated against him based on his membership in a protected class. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (standard for "class of one" equal protection claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for § 1983 equal protection claim based on membership in protected class).

The district court did not abuse its discretion by denying Gallo's request for further leave to amend his claims because such relief would have been futile. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) (a party is not

entitled to amend its complaint if amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review, and noting that the court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint).

Defendants' motion to strike a portion of the reply brief is denied.

**AFFIRMED.**