**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN DARIO GARCIA, Jr., | No. 13-56550 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01187-AJB-RBB |
| v. | |
| SMITH, Supervising Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted December 9, 2014[**]

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

California state prisoner Ruben Dario Garcia, Jr., appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and other claims. We have jurisdiction under 28 U.S.C. § 1291. *Ariz.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039-40 (9th Cir. 1991) (Fed. R. Civ. P. 54(b) authorizes entry of judgment as to an individual claim or party, within a multi-claim or multi-party action, where the action as to an individual claim or party is finally determined). We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants Merchant, Elias, and Savala on Garcia's retaliation claims because Garcia failed to raise a genuine dispute of material fact as to whether these defendants took an adverse action against Garcia because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

The district court properly granted summary judgment for defendants Merchant, Elias, and Savala on Garcia's conspiracy claim because Garcia failed to raise a genuine dispute of material fact as to whether these defendants engaged in a conspiracy to deprive Garcia of his civil rights. *See Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998) (elements of conspiracy claim).

The district court properly granted summary judgment for defendants Merchant, Elias, and Savala on Garcia's equal protection claim because Garcia failed to raise a genuine dispute of material fact as to whether similarly situated

individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of equal protection claim).

To the extent that Garcia challenges the dismissal of other claims and defendants, we lack jurisdiction to consider these contentions because they are beyond the scope of the Rule 54(b) judgment. *See Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176, 178-79 & n.1, 190 n.17 (9th Cir. 1989) (on appeal from a Rule 54(b) order, there is no jurisdiction over claims that are not within the scope of that order).

**AFFIRMED.**