## VILLAGE OF WILLOWBROOK ET AL. *v.* OLECH

No. 98–1288.   Argued January 10, 2000—Decided February 23, 2000

*James L. DeAno* argued the cause and filed briefs for petitioners.

*Irving L. Gornstein* argued the cause for the United States as *amicus curiae.* With him on the brief were *Solicitor General Waxman, Acting Assistant Attorney General Ogden, Deputy Solicitor General Underwood,* and *Mark B. Stern.*

*John R. Wimmer* argued the cause and filed a brief for respondent.*

PER CURIAM.

Respondent Grace Olech and her late husband Thaddeus asked petitioner Village of Willowbrook (Village) to connect their property to the municipal water supply. The Village at first conditioned the connection on the Olechs granting the Village a 33-foot easement. The Olechs objected, claiming that the Village only required a 15-foot easement from other property owners seeking access to the water supply. After a 3-month delay, the Village relented and agreed to provide water service with only a 15-foot easement.

Olech sued the Village, claiming that the Village's demand of an additional 18-foot easement violated the Equal Protection Clause of the Fourteenth Amendment. Olech asserted that the 33-foot easement demand was "irrational and wholly arbitrary"; that the Village's demand was actually motivated by ill will resulting from the Olechs' previous filing of an unrelated, successful lawsuit against the Village; and that the Village acted either with the intent to deprive Olech of her rights or in reckless disregard of her rights. App. 10, 12.

The District Court dismissed the lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cognizable claim under the Equal Protection Clause. Relying on Circuit precedent, the Court of Appeals for the Sev-

---

*\*Richard Ruda, James I. Crowley,* and *Donald B. Ayer* filed a brief for the International City/County Management Association et al. as *amici curiae* urging reversal.

*Harvey Grossman, Steven R. Shapiro,* and *Richard J. O'Brien* filed a brief for the ACLU as *amicus curiae* urging affirmance.

enth Circuit reversed, holding that a plaintiff can allege an equal protection violation by asserting that state action was motivated solely by a " 'spiteful effort to "get" him for reasons wholly unrelated to any legitimate state objective.' " 160 F. 3d 386, 387 (1998) (quoting *Esmail* v. *Macrane*, 53 F. 3d 176, 180 (CA7 1995)). It determined that Olech's complaint sufficiently alleged such a claim. 160 F. 3d, at 388. We granted certiorari to determine whether the Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" where the plaintiff did not allege membership in a class or group.* 527 U. S. 1067 (1999).

Our cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. See *Sioux City Bridge Co.* v. *Dakota County*, 260 U. S. 441 (1923); *Allegheny Pittsburgh Coal Co.* v. *Commission of Webster Cty.*, 488 U. S. 336 (1989). In so doing, we have explained that " '[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.' " *Sioux City Bridge Co.*, *supra*, at 445 (quoting *Sunday Lake Iron Co.* v. *Township of Wakefield*, 247 U. S. 350, 352 (1918)).

---

*We note that the complaint in this case could be read to allege a class of five. In addition to Grace and Thaddeus Olech, their neighbors Rodney and Phyllis Zimmer and Howard Brinkman requested to be connected to the municipal water supply, and the Village initially demanded the 33-foot easement from all of them. The Zimmers and Mr. Brinkman were also involved in the previous, successful lawsuit against the Village, which allegedly created the ill will motivating the excessive easement demand. Whether the complaint alleges a class of one or of five is of no consequence because we conclude that the number of individuals in a class is immaterial for equal protection analysis.

That reasoning is applicable to this case. Olech's complaint can fairly be construed as alleging that the Village intentionally demanded a 33-foot easement as a condition of connecting her property to the municipal water supply where the Village required only a 15-foot easement from other similarly situated property owners. See *Conley* v. *Gibson*, 355 U. S. 41, 45–46 (1957). The complaint also alleged that the Village's demand was "irrational and wholly arbitrary" and that the Village ultimately connected her property after receiving a clearly adequate 15-foot easement. These allegations, quite apart from the Village's subjective motivation, are sufficient to state a claim for relief under traditional equal protection analysis. We therefore affirm the judgment of the Court of Appeals, but do not reach the alternative theory of "subjective ill will" relied on by that court.

*It is so ordered.*

JUSTICE BREYER, concurring in the result.

The Solicitor General and the village of Willowbrook have expressed concern lest we interpret the Equal Protection Clause in this case in a way that would transform many ordinary violations of city or state law into violations of the Constitution. It might be thought that a rule that looks only to an intentional difference in treatment and a lack of a rational basis for that different treatment would work such a transformation. Zoning decisions, for example, will often, perhaps almost always, treat one landowner differently from another, and one might claim that, when a city's zoning authority takes an action that fails to conform to a city zoning regulation, it lacks a "rational basis" for its action (at least if the regulation in question is reasonably clear).

This case, however, does not directly raise the question whether the simple and common instance of a faulty zoning decision would violate the Equal Protection Clause. That is because the Court of Appeals found that in this case respond-

ent had alleged an extra factor as well—a factor that the Court of Appeals called "vindictive action," "illegitimate animus," or "ill will." 160 F. 3d 386, 388 (CA7 1998). And, in that respect, the court said this case resembled *Esmail* v. *Macrane*, 53 F. 3d 176 (CA7 1995), because the *Esmail* plaintiff had alleged that the municipality's differential treatment "was the result not of prosecutorial discretion honestly (even if ineptly—even if arbitrarily) exercised but of an illegitimate desire to 'get' him." 160 F. 3d, at 388.

In my view, the presence of that added factor in this case is sufficient to minimize any concern about transforming run-of-the-mill zoning cases into cases of constitutional right. For this reason, along with the others mentioned by the Court, I concur in the result.