**Ronald HANSEL, Plaintiff–Appellant,**

v.

**Richard J. BRAZELL, Matthew J. Romocki, Donna L. Ross, Christopher T.J. Childs, Eliot L. Spitzer, Defendants–Appellees.**

No. 02–9433.

United States Court of Appeals, Second Circuit.

Jan. 5, 2004.

Ronald Hansel, for Appellant, pro se.

Edward Lindner, Assistant Solicitor General, (Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), Albany, NY, for Appellee.

Present: MESKILL, POOLER, and SOTOMAYOR, Circuit Judges.

238

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Appellant Ronald Hansel appeals from a judgment of the district court dismissing the complaint that he brought pursuant to 42 U.S.C. § 1983. We assume the reader's familiarity with the facts and underlying proceedings and hold as follows:

■ (1) The elements of a claim for malicious prosecution under Section 1983 are "substantially the same as the elements under New York law." *Boyd v. City of New York,* 336 F.3d 72, 75 (2d Cir.2003) (quotations omitted). Under New York law, the plaintiff must demonstrate "(1) the initiation of an action by the defendant against the plaintiff, (2) begun with malice, (3) without probable cause to believe it can succeed, (4) that ends in failure or, in other words, terminates in favor of the plaintiff." *O'Brien v. Alexander,* 101 F.3d 1479, 1484 (2d Cir.1996) (citations omitted). Here, the district court properly determined that Hansel could not succeed because there had been no action initiated against him.

■ (2) "In order to seek redress through § 1983 . . ., a plaintiff must assert the violation of a federal *right,* not merely a violation of federal *law.*" *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). Furthermore, Section 1983 cannot be used as redress for a violation of state law. *See Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) ("Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States."). As a result, Hansel's Section 1983 claims that are based on violations of the New York Penal Law cannot succeed.

■ (3) An equal protection claim premised on a "class of one" may lie "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Harlen Assocs. v. Inc. Village of Mineola,* 273 F.3d 494, 499 (2d Cir.2001) (quoting *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam)). Hansel's claim fails because he did not alleged the existence of any others who were similarly situated.

(4) To bring an equal protection claim based on selective enforcement, a plaintiff must show that "(1) . . . compared with others similarly situated, [he] was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure [him]." *Zahra v. Town of Southold,* 48 F.3d 674, 683 (2d Cir.1995). Again, Hansel has failed to meet this standard.

(5) The magistrate judge did not abuse his discretion in the management of discovery.

(6) All of Hansel's remaining claims were either waived on appeal, or lack merit.

We therefore affirm the judgment of the district court.