[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 27, 2008
THOMAS K. KAHN
CLERK

No. 08-11172
Non-Argument Calendar
_____

D. C. Docket No. 06-00953-CV-1-MEF

GREG DAVIS, as next friend and natural guardian of J.D.,

Plaintiff-Appellant,

versus

HOUSTON COUNTY, ALABAMA BOARD OF EDUCATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(August 27, 2008)**

Before TJOFLAT, BLACK and HILL, Circuit Judges.

PER CURIAM:

Greg Davis sued the Houston County, Alabama Board of Education, on behalf of his son, Joshua Davis, who was expelled by it for having struck two of his football coaches after he was removed from a football game. Davis claims that the defendant is liable to his son under 42 U.S.C. § 1983 for violating his son's right to equal protection under the Fourteenth Amendment. He claims that the defendant did not expel two similarly situated students and, therefore, violated his son's right under the equal protection clause to be free from intentional discrimination at the hands of government officials. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Campbell v. Rainbow City*, 434 F.3d 1306, 1313-14 (11th Cir. 2006). The district court granted summary judgment to the defendant board of education. We review this grant *de novo*. *Arrington v. Helms*, 438 F.3d 1336, 1341 (11th Cir. 2006).

In order for another student to be similarly situated to Joshua Davis, plaintiff must show that the students are "prima facie identical in all relevant respects." *Campbell*, 434 F.3d at 1314. Two individuals are "similarly situated" if the quantity and quality of the comparator's misconduct is "nearly identical" to the individual raising the discrimination claim. *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999).

Plaintiff has offered two students whom he claims are similarly situated to

Joshua Davis, but who were not expelled. The first student, however, was involved in "horseplay" by the sole victim's own testimony, who urged that he be "talked to" but not disciplined. The second proposed comparator was a sixth grade student who did not strike anyone. We conclude that neither of these proposed comparators is similarly situated to Joshua Davis under the law of this circuit. *See Maniccia*, 171 F.3d at 1368 (comparators who did not do what the plaintiff did are not similar); *Hammock ex rel. Hammock v. Keys*, 93 F. Supp. 2d 1222, 1232 (S.D. Ala. 2000) (equal protection does not require that elementary and high school students be treated identically in school discipline cases). Accordingly, plaintiff has not established a prima facie case of intentional discrimination against his son under the Fourteenth Amendment, and the judgment of the district court is due to be

AFFIRMED.