[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2012
JOHN LEY
CLERK

_____

No. 11-10698

_____

D.C. Docket No. 2:09-cv-01084-KOB

MAVERICK ENTERPRISES, LLC,
KENNETH CARTER,

Plaintiffs - Appellants,

versus

DAVID FRINGS, et al.,

Defendants,

CITY OF ALABASTER,
a.k.a. The City of Alabaster,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 7, 2012)

Before MARTIN and ANDERSON, Circuit Judges, and SCHLESINGER,[*] District Judge.

PER CURIAM:

Maverick Enterprises, LLC and Kenneth Carter appeal the district court's grant of summary judgment to the City of Alabaster, and the court's dismissal of Mayor David Frings as a party defendant under Rule 12(b)(6).

Kenneth Carter, the sole owner of Maverick Enterprises, LLC, brought an action under 42 U.S.C. §§ 1983, 1985, alleging equal protection violations related to treatment of his real estate development, Weatherly Station, by the Planning and Zoning Commission of the City of Alabaster, Alabama. The district court dismissed the claim made against Mayor David Frings under Rule 12(b)(6). The court later granted summary judgment in favor of the City, ruling that Carter and Maverick had failed to establish a similarly situated comparator for the purposes of their "class of one" equal protection claim under Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006).

On appeal, Carter and Maverick assert that genuine issues of material fact exist as to whether their chosen comparator, Wellington Manor, is similarly situated to their Weatherly Station project. They further contend that the district

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

2

court erred by dismissing Mayor Frings as a party-defendant to the equal protection claim.

Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Ramos-Barrientos v. Bland, 661 F.3d 587, 594 (11th Cir. 2011).

In order to establish a prima facie case in a "class of one" equal protection claim, the plaintiff must demonstrate intentional disparate treatment as compared to similarly situated persons, and the absence of any rational basis supporting that treatment. See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). The Eleventh Circuit has held that, in the context of municipal zoning ordinances, "Plaintiffs must show (1) that they were treated differently from other similarly situated individuals, and (2) that [the] Defendant unequally applied a facially neutral ordinance for the purpose of discriminating against Plaintiffs." Rainbow City, 434 F.3d at 1314. In order to be similarly situated, the comparator must share "some specificity" with the plaintiff's development and be "identical . . . in all relevant aspects." Id. The Court has considered various factors to be relevant, such as the level of impact on the community, zoning status, size, and whether variances were requested. Id. at 1315–16; see also Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1204, 1206–07 (11th Cir. 2007).

3

The district court ruled that Wellington Manor was not similarly situated to Appellants' Weatherly Station project based, in part, on the following. First, Wellington Manor was not located in the same zoning district as Weatherly Station. Second, Wellington Manor was never subjected to architectural review, whereas one of Appellants' central complaints relates to the City's architectural review process. Third, Wellington Manor's proximity to public roads did not present the same geographical and topographical challenges as did Weatherly Station's proposed location. Fourth, Wellington Manor was not subject to the same fire code regulations as Weatherly Station. Fifth, Carter and Maverick did not allege that Wellington Manor was built on the same "design and build" building permit method, which was the method allegedly used for Weatherly Station.

On appeal, Carter and Maverick argue that the architectural review process was not a proper distinction for the district court to draw, because the process was "misapplied and used intentionally as a tool of discrimination." This argument is unavailing. Carter acquiesced to architectural review and never sought legal review of the City's application of the review process. As a result, Carter and Maverick are essentially asking this Court to determine, in the first instance, whether the applicable zoning ordinance requires architectural review of proposed

4

developments. This we cannot do, as federal courts do not sit as zoning boards of review. Rainbow City, 434 F.3d at 1313. Furthermore, we cannot say that it was arbitrary or capricious for the City to implement an architectural review process, in light of the ordinance's planning and development specifications.[1] See Vill. of Willowbrook, 528 U.S. at 564, 120 S. Ct. at 1074.

Similarly, Carter and Maverick contend that the fire code regulations were applied in a discriminatory manner, and therefore were not a proper distinction. However, as with the architectural review process, Carter made no legal challenge to the City's application of the fire code regulations. Beyond that, Carter and Maverick do not contest that Wellington Manor applied for a zoning variance, while Weatherly Station never did. Neither do Carter and Maverick contest that Wellington Manor submitted construction drawings for its buildings in May 2003, prior to the City's adoption of the relevant fire code provision in August 2003. Carter did not submit his initial application until after the City had adopted its new

---

[1] Carter and Maverick allege that the ordinance does not provide for architectural review. They argue that the only provision allowing for City review is Section 23.0(c)(1) of the ordinance, which states, "[m]odifications to the setbacks . . . may be approved by the City approving authority." However, one could just as easily read this provision to mean that modifications to setbacks are permissible with the City's approval, not that setbacks are the only aspect of developments subject to City review. Further, the ordinance delineates seven paragraphs of "General Requirements" regarding traffic patterns, rights of way, vegetation, buffer zones, and lot sizes. It makes sense that, in order to enforce these requirements, the ordinance would incorporate some level of architectural review for proposed developments.

fire code.

Finally, Carter and Maverick allege that a material issue of fact remains as to whether Wellington Manor was actually developed on the design and build method. We disagree. The affidavit that Appellants cite on appeal for this proposition merely states that the design and build method "is an ordinary practice today in most cities" and that the City of Alabaster agreed to the design and build method for Weatherly Station. This says nothing about the method used for Wellington Manor, nor the method ordinarily used in the City of Alabaster.

Following <u>de novo</u> review of the district court's thorough analysis, and in consideration of the significant differences between Wellington Manor and Weatherly Station, we agree with the district court that Wellington Manor is not similarly situated to Weatherly Station for the purposes of Appellants' "class of one" equal protection claim. Given that Carter and Maverick have failed to make out a <u>prima facie</u> case, we need not address whether Mayor Frings should be reinstated as a party defendant.

For the reasons stated above, we AFFIRM the district court.