**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY HERSON; EAST BAY
OUTDOORS, INC., a California
corporation,

               Plaintiffs - Appellants,

  v.

CITY OF RICHMOND, a charter city,

               Defendant - Appellee.

No. 11-18028

D.C. No. 4:09-cv-02516-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 8, 2014
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

Jeffrey Herson and East Bay Outdoors, Inc. (collectively "Herson") appeal

the district court's orders dismissing their various claims. We affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  The district court addressed Herson's claims challenging the repealed version of the Richmond Sign Code ("Old Ordinance") in two separate orders. First, the district court dismissed as moot Herson's claims seeking declaratory and injunctive relief from the Old Ordinance, but left intact Herson's damages claim for the denial of his sign applications. The court did not err in dismissing the declaratory and injunctive claims as moot, because the repealed Old Ordinance could no longer be enforced against him. *See Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900-01 (9th Cir. 2007). Thus, "there exist[ed] no live issue upon which the court could issue prospective relief." *Id*. at 901. Subsequently, the district court granted the City's motion for summary judgment on Herson's damages claim. Because Herson's proposed signs violated the content-neutral height and size restrictions of the Old Ordinance, the City had an independent, constitutionally valid reason for denying Herson's applications. *See Get Outdoors II, LLC v. City of San Diego, Cal.*, 506 F.3d 886, 893-95 (9th Cir. 2007). Therefore, Herson lacks standing to challenge the allegedly unconstitutional portions of the Old Ordinance, because his injury is not redressable. *See id*. at 894.

2.  On appeal, Herson argues that the exemptions in Richmond Municipal Code § 15.06 (the "Current Ordinance") were content based and that strict scrutiny

2

should apply in making the summary judgment determination. However, the court

questions the relevance of Herson's arguments here. The district court treated the

exemptions as content based and applied strict scrutiny. When applying strict

scrutiny, the district court found that the exemptions were constitutional, because

they were the least restrictive means to achieve a compelling state interest.

Because Herson did not argue on appeal that the court erred in its strict scrutiny

analysis, he has waived that argument. *See Nilsson, Robbins, Dalgarn, Berliner,*

*Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1547-48 (9th Cir. 1988).

3. The district court did not err in dismissing Herson's equal protection

claim. Herson failed to present facts to the district court that could support the

conclusion that either the City of Richmond or Ruby Benjamin, the city employee

who denied Herson's applications, "intentionally treated [him] differently from

others similarly situated and that there is no rational basis for the difference in

treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Herson

provided proof that other signs had been allowed in the prohibited area. However,

even when taken in a light most favorable to Herson, there is no evidence that

Herson was similarly situated to the owners of those signs or that he was

intentionally treated differently by the City.

4. Finally, the district court did not err in granting the City's motion for sanctions. Courts may impose monetary sanctions in the amount of extra discovery costs caused by spoliation, including the cost of the sanctions motion. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). An appellate court must not "disturb the district court's choice of sanction" absent a "definite and firm conviction that the district court committed a clear error of judgment." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 422 (9th Cir. 2011) (internal quotation marks omitted). Here, we find no clear error. Neither party claims that the district court applied the wrong law. Further, the Order Re Motion for Sanctions of August 11, 2011, adopted by the district court, shows that the district court carefully examined and weighed the facts of the case in determining Herson's liability and the amount of the sanctions.

**AFFIRMED.**