NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK KONARSKI, husband DBA FGPJ Apartments & Development; et al., Plaintiffs - Appellants, v. MICHAEL G. RANKIN; et al., Defendants - Appellees. | No. 13-17384 D.C. No. 4:13-cv-00999-DCB MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 12, 2015
San Francisco California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

Frank, Gabriela, Patricia, John, and Frank E. Konarski, owners of a housing

development business in Tucson, appeal from the district court's dismissal of their

complaint against the City of Tucson (the "City") and several city officials. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Konarskis allege that city officials, in declining to meet with them to discuss a proposed ordinance and in refusing to reconsider an ordered shutdown of one of their housing development projects, have discriminated and retaliated against them in violation of their federal constitutional and statutory civil rights, causing them economic damage and emotional distress.

**1.** The district court did not err in dismissing the Konarskis' First Amendment retaliation claims, brought under 42 U.S.C. § 1983, in counts one and two of the complaint. The Konarskis have not pled facts plausibly indicating that the silence they received from city officials was retaliatory in nature. City Attorney Michael Rankin's alleged instructions to city council members—that council members were "to avoid meeting" with the Konarskis "specifically because of a lawsuit involving civil rights violations"—indicates only that Rankin had advised his clients to avoid making any statements that might be used against them in pending litigation, not that he acted with retaliatory animus. *See Hartman v. Moore*, 547 U.S. 250, 259–60 (2006). With respect to the allegedly retaliatory shutdown of the Konarskis' housing development project, the only indication of Rankin's involvement (other than "mere conclusory statements" the district court was "not bound to accept as true," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted)) is that, when the Konarskis attempted to contact Tucson

2

Planning and Development Services department ("Development") representatives, the representatives told them that Rankin, referencing the pending civil rights action, had instructed them to refer the Konarskis to him rather than to deal with the Konarskis directly. The Konarskis have not alleged that city officials have met with other citizens during the pendency of suits filed by those citizens against the City or provided any other reason plausibly to indicate that the City acted with retaliatory intent. *See Moore*, 547 U.S. at 259–60.

**2**. The Konarskis' allegations of denial of equal protection on a "class of one" theory, brought under 42 U.S.C. §§ 1983, 1985(3) and 1986 as stated in counts three, four and seven of the complaint, do not make out a claim upon which relief can be granted. Although the district court erred in denying these claims on the basis of the Konarskis' citation to the Fifth Amendment, *see McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990), *superceded by rule on other grounds as recognized in Harmston v. City and Cnty. of San Francisco*, 627 F.3d 1273 (9th Cir. 2010), this court may affirm on any basis supported by the record, *Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544, 551 (9th Cir. 2014).

A "class of one" equal protection claim must plausibly allege that disparate treatment of an individual or individuals is without any rational basis. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). The Konarskis have

3

provided no facts indicating that similarly situated individuals were treated differently or otherwise implying that there was "no rational basis for the difference in treatment." *Id.* As noted, they have not alleged that other plaintiffs have been granted private meetings with city officials during pending litigation against the City. With respect to the housing development project shutdown, they have not indicated that the City has in other instances allowed construction of a building in which the parapet wall exceeds the City's standard height limitations.

Although the Konarskis did not formally move for leave to amend, at the hearing on the motion to dismiss, counsel requested the opportunity to amend the complaint "to satisfy any defects in the pleading." Regarding the City's shutdown of the Konarskis' housing development project, this court cannot conclude that "it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 907 n.3 (9th Cir. 2011) (citation omitted). We therefore vacate the dismissal with prejudice with respect to count three's "class of one" equal protection claim under 42 U.S.C. § 1983 and instruct the district court that the Konarskis be granted leave to amend.

The Konarskis' allegations of a conspiracy to deprive them of equal rights as a "class of one" under 42 U.S.C. § 1985(3), and of permitting such a conspiracy under 42 U.S.C. § 1986, however, cannot be cured, because the government has

4

not identified the Konarskis as a class in need of "special federal assistance in protecting its civil rights." *McCalden*, 955 F.2d at 1223.

**3.** The district court did not err in dismissing the Konarskis' claims, brought under 42 U.S.C. §§ 1981, 1985(3), that the City discriminated against them on the basis of their Polish ancestry in shutting down their housing development project. Of the Development department employees who allegedly made derogatory statements, the only one whom the Konarskis have suggested had an influence on the decision to shut down their project is director Ernie Duarte. Duarte's alleged comment that "nobody likes you" does not plausibly establish discrimination on the basis of Polish ancestry. *See Iqbal*, 556 U.S. at 682. That one or two of the alleged statements by other lower-level Development department employees could plausibly be interpreted to convey animus against Polish people does not make out a widespread pattern of conduct sufficient to establish a city policy or custom of discrimination. *See Iqbal*, 556 U.S. at 682-83; *Menotti v. City of Seattle*, 409 F.3d 1113, 1151 (9th Cir. 2005).

**4.** The district court abused its discretion in dismissing with prejudice the state-law claim stated in count eight. Where a federal court dismisses all federal claims before trial, the court generally should decline to exercise jurisdiction over remaining state claims, but the claims should be "dismissed *without prejudice* and

5

left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (emphasis added).

**5.** Given the above rulings, we need not address the district court's denial of the Konarskis' Rule 60(b) motion. The motion does not identify one of the Rule 60(b) bases for relief from the dismissal order, but rather argues that the district court committed "clear error" in issuing its order, essentially repeating the arguments the Konarskis made in their response to the motion to dismiss. As we have ruled directly on those arguments, the question whether the district court should have granted Rule 60(b) relief as to any of them is moot.

The district court's dismissal order is AFFIRMED except with respect to count three, as to which dismissal with prejudice is VACATED with the instruction that the court give leave to amend, and count eight, as to which dismissal is AFFIRMED in part but REVERSED with respect to prejudice. Each party shall bear its own costs on appeal.