**Frank D. MORELLO, Appellant**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 14–7187.**

United States Court of Appeals,
District of Columbia Circuit.

Oct. 16, 2015.

Matthew August Lefande, Matthew August Lefande Attorney at Law PLLC, Arlington, VA, for Appellant.

Loren L. Alikhan, Todd Sunhwae Kim, Mary Larkin Wilson Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Appellee.

BEFORE: TATEL and MILLETT, Circuit Judges, and SENTELLE, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered upon the briefs of the parties and the record from the United States District Court for the

District of Columbia. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. RULE 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. RULE 36(d). It is

ORDERED AND ADJUDGED that the order of the district court dismissing the complaint is affirmed for the reasons more fully set out in the memorandum filed simultaneously herewith.

## *MEMORANDUM*

According to Morello's complaint, he served as a police officer with the Metropolitan Police Department ("MPD") from February 26, 1990, until his retirement on December 22, 2001. On September 19, 2013, he applied to the MPD for a photographic identification card exempting him under the *Law Enforcement Officers Safety Act* from municipal and state laws prohibiting the carrying of concealed weapons. *See* 18 U.S.C. § 926C (delineating requirements for the carrying of concealed firearms by qualified retired law enforcement officers). Although MPD certified that Morello met the active duty standards for qualification in firearms training with his handgun, on November 15, 2013, Morello received a letter from MPD denying his application. Morello then filed a complaint in federal district court on January 21, 2014, against the District of Columbia, alleging violations under 42 U.S.C. § 1983 of his Fifth Amendment due process rights and the equal protection guarantees of the Fifth Amendment. The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6), primarily based on Morello's failure to allege a basis for municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

We review *de novo* the district court's dismissal of the complaint. *See, e.g., In re*

*Harman Int'l Indus., Inc. Sec. Litig.*, 791 F.3d 90, 99 (D.C.Cir.2015). Regardless of whether Morello alleged any plausible theory of *Monell* liability, he has failed to state a claim for the violation of his constitutional rights. Morello's complaint includes three counts: (a) deprivation of a property interest without due process; (b) deprivation of a liberty interest without due process; and (c) deprivation of equal protection. Our decision in *Elkins v. District of Columbia*, 690 F.3d 554, 561–62 (D.C.Cir.2012), largely resolves the due process claims. Assuming that Morello intends to state procedural due process violations, he does not allege what process he is due, which alone warrants dismissal. *Id.* at 561. Furthermore, district law affords Morello due process because he could have challenged the denial of a LEOSA identification in D.C. Superior Court, and the complaint fails to allege any constitutional inadequacies in that process. *See, e.g., District of Columbia v. Sierra Club*, 670 A.2d 354, 358 (D.C.1996) (articulating the presumption that agency action is reviewable in D.C. Superior Court).

To the extent he asserts substantive due process claims, Morello fails to plead "egregious government misconduct" based on "personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights." *Id.* at 561–62. Furthermore, because Morello does not assert a separate Second Amendment claim, he cannot utilize substantive due process to redress harms to those rights. *See id.* ("Where a particular Amendment provides an explicit textual source of constitutional protection . . ., that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (citation and internal quotation marks omitted)); *see also Cnty. of Sacramento v.*

*Lewis,* 523 U.S. 833, 842, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (same):

Morello's equal protection claim fares no better. First, he does not plead the requisite discriminatory intent in order to trigger heightened scrutiny. *See Chaplaincy of Full Gospel Churches v. U.S. Navy (In re Navy Chaplaincy* ), 738 F.3d 425, 430 (D.C.Cir.2013) ("Given facially neutral policies and no showing of intent to discriminate, the chaplains' equal protection attack on the Navy's specific policies could succeed only with an argument that the policies lack a rational basis."). Second, Morello fails to "plead facts that establish that there is not any reasonable conceivable state of facts that could provide a rational basis for the classification." *Hettinga v. United States,* 677 F.3d 471, 479 (D.C.Cir. 2012) (citation and internal quotation marks omitted). To the contrary, Morello's complaint includes only the bare assertions that the deprivation of photographic identification was "without a rational basis under law" and "was a direct result of an official policy of the District of Columbia government." Complaint ¶¶ 35, 37, *Morello v. District of Columbia,* 73 F.Supp.3d 1 (D.D.C.2014) (No 1:14–cv–00082–EGS), ECF No. 1. These conclusory allegations are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]." (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))); *see also Hettinga,* 677 F.3d at 476 ("[T]he Court need not . . . accept legal conclusions cast as factual allegations.").

We are aware that the Supreme Court has recognized "class of one" cases where an individual was treated differently than others similarly situated without any ra-

tional basis, *see Vill. of Willowbrook v. Olech,* 528 U.S. 562, 563, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). However, even were we to employ this rare theory, Morello's threadbare recitals remain insufficient to state a claim under the standards of *Iqbal* and *Twombly.*

Morello did not seek leave to amend his complaint, nor does Morello now challenge the district court's dismissal of his claims with prejudice. *Cf.* Fed.R.Civ.P. 41(b) ("Unless the dismissal order states otherwise, a[n involuntary] dismissal . . . . operates as an adjudication on the merits.").

The district court's order is therefore affirmed.