**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORION INSURANCE GROUP, a Washington Corporation; RALPH G. TAYLOR, an individual, <br><br>           Plaintiffs-Appellants, <br><br>   v. <br><br> WASHINGTON'S OFFICE OF MINORITY & WOMEN'S BUSINESS ENTERPRISES; EDWINA MARTIN-ARNOLD; DEBBIE MCVICKER; PAMELA SMITH; SARAH ERDMANN; STACEY SAUNDERS, individuals; U.S. DEPARTMENT OF TRANSPORTATION; STEPHANIE JONES, an individual, <br><br>           Defendants-Appellees. | No. 17-35749 <br><br> D.C. No. 3:16-cv-05582-RJB <br><br> **MEMORANDUM**[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted December 3, 2018
Seattle, Washington

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Plaintiffs-Appellants Orion Insurance Group and its owner Ralph Taylor (collectively "Taylor") appeal the district court's partial dismissal and partial summary judgment in favor of the U.S. Department of Transportation ("USDOT"), the Washington State Office of Minority & Women's Business Enterprises ("OMWBE"), and other federal and state defendants sued in both their official and individual capacities. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

## 1. Order to Dismiss

We review the district court's order dismissing various claims under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) de novo. *Arias v. Raimondo*, 860 F.3d 1185, 1189 (9th Cir. 2017) (reviewing Rule 12(b)(6) dismissal for failure to state a claim de novo); *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995) (reviewing dismissal for lack of personal jurisdiction de novo). Here, we hold that the district court did not err when it dismissed Taylor's claims against the federal defendants. First, the district court correctly dismissed Taylor's claims against Stephanie Jones, former Acting Director of the USDOT's Office of Civil Rights, in her individual capacity, under Fed. R. Civ. P. 12(b)(2) because the district court lacked personal jurisdiction. Jones does not have sufficient "minimum contacts" with Washington

2

"such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted); *see Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). Second, the district court correctly dismissed Taylor's discrimination claims under 42 U.S.C. § 1983 because the federal defendants did not act "under color of state law" as required by the statute. 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Third, the district court correctly dismissed Taylor's claims for damages because the United States has not waived its sovereign immunity on those claims. Fourth, the district court correctly dismissed Taylor's claims for equitable relief under 42 U.S.C. § 2000d because the federal disadvantaged business enterprise program does not qualify as a "program or activity" within the meaning of the statute. Lastly, the district court correctly dismissed Taylor's claims against the United States for equitable relief under Washington state law because Taylor failed to make a showing that the relief he sought was available under Washington state law.

*2. Summary Judgment Order*

We review the district court's order granting summary judgment de novo. *Universal Health Servs. Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir.

3

2004).  Taylor argues the district court erred when it granted summary judgment in favor of federal and state defendants on his claims for violation of the Administrative Procedure Act ("APA"), violation of the Equal Protection Clause, discrimination under 42 U.S.C. § 1983, and discrimination under 42 U.S.C. § 2000d.  In addition, Taylor argues the district court erred when it declined to exercise supplemental jurisdiction over his claims under the Washington State Constitution and Washington Law Against Discrimination.  We disagree.

*A. Claims under the Administrative Procedure Act*

The district court did not err when it granted summary judgment to state and federal defendants on Taylor's APA claims.  As a preliminary matter, despite Taylor's assertions to the contrary, there were no issues of material fact.  Fed. R. Civ. Pro. 56(a); *see also Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769–70 (9th Cir. 1985) (discussing summary judgment in the context of an administrative proceeding and stating that a district court "is not required to resolve any facts in a review of an administrative proceeding . . . the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did").  In addition, when analyzing Taylor's APA claims, the district court did not abuse its discretion in refusing to consider documents outside the administrative record because those

4

documents did not fall into one of the recognized exceptions permitting review. *See Lands Council v. Powell*, 395 F.3d 1019, 1029–30 (9th Cir. 2005).

Taylor argues that state and federal defendants violated the APA by acting in an arbitrary and capricious manner. *See* 5 U.S.C. § 706(1)-(2). When considering whether to set aside an agency action as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," courts must determine "whether the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1115 (9th Cir. 2007) (internal quotations omitted); *see also* 5 U.S.C. § 706(1)–(2).

Here, OMWBE did not act in an arbitrary and capricious manner when it determined it had a "well founded reason" to question Taylor's membership claims and, after requesting additional documentation from Taylor, determined that Taylor did not qualify as a "socially and economically disadvantaged individual." *See* 49 C.F.R. §§ 26.5, 26.61(c), 26.63(a)–(b), 26.67(a)(1). In addition, OMWBE did not act in an arbitrary and capricious manner when it did not provide an in-person hearing under 49 C.F.R. §§ 26.67(b)(2) and 26.87(d) because Taylor was not entitled to a hearing under the regulations. USDOT did not act in an arbitrary and

capricious manner when it affirmed the state's decision because the decision was supported by substantial evidence and consistent with federal regulations. *See* 49 C.F.R. § 26.89(e), (f)(1)–(2). USDOT considered and discussed numerous pieces of evidence in its decision letter and "articulated a rational connection" between the evidence and the decision to deny Taylor's application for certification. *Ranchers Cattlemen*, 499 F.3d at 1115. In addition, Taylor's argument that USDOT violated 49 C.F.R. § 26.89(f)(8) is now moot.

 *B. Claims under the Equal Protection Clause and 42 U.S.C. §§ 1983 and 2000d*

The district court did not err when it granted summary judgment to federal and state defendants on Taylor's equal protection claims because defendants did not discriminate against Taylor, did not intend to discriminate against Taylor, and did not treat Taylor differently from others similarly situated. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Hispanic Taco Vendors of Wash. v. City of Pasco*, 994 F.2d 676, 679–81 (9th Cir. 1993). The district court also did not err when it granted summary judgment to state defendants on Taylor's discrimination claims under 42 U.S.C. §§ 1983 and 2000d because neither statute applies to Taylor's claims. In addition, the district court correctly declined to apply the *McDonnell Douglas* burden-shifting framework

6

because that framework does not apply to Taylor's claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Lastly, having dismissed or granted summary judgment on all of Taylor's claims under federal law, the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Taylor's state law claims.

**AFFIRMED.**[1]

---

[1] We DENY Appellants' motion to take judicial notice. *See* Dkt. Nos. 17, 20, 23, 24, 41–44. The motion by Jeremy I. Levitt to file an amicus curiae brief (Dkt. Nos. 62, 64) is DENIED for failure to comply with Federal Rule of Appellate Procedure 29(a) and Ninth Circuit Rule 29-3. Appellants' motion to strike the amicus brief is DENIED as moot (Dkt. No. 61).