**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VENCIL GREEN,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>JOE A. LIZARRAGA, Warden; et al.,<br><br>     Defendants-Appellees. | No. 19-15241<br><br>D.C. No. 2:18-cv-00614-KJM-CKD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 7, 2020**

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

 California state prisoner Vencil Green appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an equal protection claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*,

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Green's action because Green failed to allege facts sufficient to show that he was intentionally treated differently from others similarly situated, or that there was no rational basis for the different treatment.  *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Block v. Rutherford*, 468 U.S. 576, 586-87 (1984) (explaining rational connection between restrictions on contact visits and prison security interests).

**AFFIRMED.**