NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RHAWN JOSEPH, | No. 20-17458 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-03782-WHO |
| v. | |
| CITY OF SAN JOSE, a Municipal corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| RICHARD DOYLE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted October 10, 2023[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rhawn Joseph appeals pro se the dismissal of his action alleging federal and state law claims arising from the enforcement efforts of the City of San Jose ("City") requiring Joseph to strip the lower part of eight cypress trees in the park strip area adjacent to his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

The following claims were properly dismissed for failure to allege facts sufficient to state a plausible claim: Fourth Amendment illegal search claim. *See California v. Ciraolo*, 476 U.S. 207, 211 (1986) (reasonable expectation of privacy standard). Fourth Amendment seizure claim. *See Soldal v. Cook Cty.*, 506 U.S. 56, 61 (1992) (unreasonable seizure standard). Fifth Amendment due process claim. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (Fifth Amendment due process clause applies only to federal government). Eighth Amendment excessive fines and cruel and unusual punishment claims. *See Ingraham v. Wright*, 430 U.S. 651, 667–68 (1977) (Eighth Amendment inapplicable outside of criminal process). Fourteenth Amendment discrimination claims. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000) (per curiam) (elements of "class of one" equal protection claim). *Monell*[1] claims for bribery and failure to train. *See City of Canton v. Harris*, 489 U.S. 378, 390–91 (1989) (requirements for alleging a failure-to-train

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

claim); *see also Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019) (requirements for alleging a *Monell* claim).

However, Joseph alleged in his operative complaint that the City forced him to strip eight of his cypress trees from their base up to five feet, which he alleges affected their aesthetic value and endangered their health, and that the City did so without providing Joseph with a code violation or a hearing. These allegations are sufficient to state a Fourteenth Amendment due process claim. *See* U.S. CONST, amend. XIV, § 1; s*ee also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

Joseph also alleges that, during the course of demanding that the trees be stripped, a City employee warned Joseph that "[he] and his friends have guns." The City employee's threat is sufficient to state a claim under California's Bane Act. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) ("The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion." (citation and quotation marks omitted)). Joseph further alleges that the same City employee who threatened him made reference to Joseph's "weird religious beliefs about trees." This reference to Joseph's religious beliefs is sufficient to plead a claim under California's Ralph Act. *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 470 (Cal. Ct. App. 2007).

20-17458

We vacate the district court's ruling with respect to Joseph's Fourteenth Amendment due process, Bane Act, and Ralph Act claims and remand for the district court to consider whether declaratory and injunctive relief is warranted. We also vacate the district court's judgment on Joseph's constitutional *Monell* claims because the district court dismissed them due to its determination that Joseph had failed to state a claim for any constitutional violation. Because we find that Joseph sufficiently alleged a Fourteenth Amendment due process claim, that reasoning is no longer accurate.

Finally, Joseph adequately complied with Federal Rule of Civil Procedure 8 because in the operative first amended complaint, his allegations adequately describe who is being sued, for what relief, and on what theories. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

In sum, we affirm the dismissal of the following claims: Fourth Amendment illegal search, Fourth Amendment seizure, Fifth Amendment due process, Eighth Amendment excessive fines and cruel and unusual punishment, Fourteenth Amendment equal protection (discrimination and class-of-one), and *Monell* liability for bribery and failure to train. We vacate the judgment on the following claims: Fourteenth Amendment due process, *Monell* constitutional claim liability, Bane and Ralph Act liability, and the requests for declaratory and injunctive relief.

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties shall each bear their own costs on appeal.