**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1708
_____

PATRICK KING,
                                         Appellant
v.

MANSFIELD UNIVERSITY OF PENNSYLVANIA;
PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION;
JOHN HALSTED; CHRISTINE SHEGAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-15-cv-00159)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 26, 2024
_____

Before: RESTREPO, MATEY, and McKEE, *Circuit Judges*.

(Filed: August 22, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Patrick King argues that the District Court erred by dismissing his claims against Mansfield University officials, but we see no error and will affirm.

**I.**

King enrolled at Mansfield University in 2001 where he alleges John Estep, a University employee, sexually harassed him. King claims Estep's conduct caused him to suffer depression that impacted his studies, so in 2004 he filed a criminal complaint with campus police. Nothing came of his complaint, but King sent a copy to University President Dr. John Halstead[1] who referred King to Molly Bailey, the Chief Human Resources Officer and Director of Affirmative Action.

More than a decade later, in 2014, King filed this action under 42 U.S.C. § 1983 against Halstead and campus police chief Christine Shegan alleging equal protection and First Amendment violations.[2] The District Court granted summary judgment to Halstead, finding he was not personally involved in any failure to investigate King's complaint, but denied Shegan's summary judgment motion. Shegan proceeded to trial, and, at the end of King's case, the District Court concluded that King's claims were barred by the statute of limitations and qualified immunity.[3]

---

[1] This Court's docket lists "John Halsted," but the correct spelling appears to be "Halstead."

[2] King also asserted state claims for hostile work and educational environments, failure to accommodate his disability, and failure to maintain complete and accurate criminal history record information, which the District Court later disposed of on judgment on the pleadings and summary judgment.

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1441. We have jurisdiction under 28 U.S.C. § 1291. We review the decision to grant summary

## II.

We see no error with those decisions. First, there is no genuine dispute that Halstead was not personally involved in the investigative decisions about King's criminal complaint. Referring a sexual harassment allegation to a human resources representative is a mere administrative function with no bearing on the ultimate decisions. *See C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) ("It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."). Summary judgment was proper.

Second, the District Court correctly concluded that Shegan enjoyed qualified immunity.[4] "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A right is clearly established where "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand

---

judgment de novo applying the standard in Federal Rule of Civil Procedure 56(a). *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). We likewise review the decision to grant judgment as a matter of law de novo, *Avaya Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 373 (3d Cir. 2016), and will affirm "if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability," *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993).

[4] We need not reach King's argument that the District Court erred in its alternative conclusion that his claims against Shegan are barred by the statute of limitations.

3

that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Shegan is entitled to qualified immunity because there is no clearly established right to have a criminal complaint investigated. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). And *Village of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000) (per curiam), which held that a property owner stated an equal protection claim where a municipality arbitrarily required an easement, does not help him defeat Shegan's qualified immunity defense because *Olech* does not establish a right to equal investigation into every criminal complaint. "It is not enough to address the plaintiff['s] equal protection claim in the broad sense," as this Court "must focus on [his] particularized right." *Hynson By & Through Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1032 (3d Cir. 1988). The District Court properly concluded that King's claims against Shegan are barred by qualified immunity.[5]

\* \* \*

For these reasons, we will affirm the District Court's order.

---

[5] To the extent King now argues that Shegan is not entitled to qualified immunity based on *Jutrowski v. Township of Riverdale*, 904 F.3d 280 (3d Cir. 2018), that argument is forfeited. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017).