**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1658

DR. MICHAEL FERNANDEZ, D.D.S., LTD., a Division of Atlantic Dental Care, PLC; DR. MIGUEL FERNANDEZ, D.D.S.,

Plaintiffs – Appellants,

v.

STEPHEN C. BRICH, P.E., Commissioner of Highways, individually and in his official capacity; LORI A. SNIDER, State Right of Way & Utilities Director, Virginia Department of Transportation, individually and in her official capacity,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:23-cv-00069-RAJ-RJK)

Argued:  March 20, 2025                                Decided:  July 7, 2025

Before KING, RUSHING, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Brian Gerard Kunze, WALDO & LYLE, P.C., Norfolk, Virginia, for Appellants.  Steven George Popps, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees. **ON BRIEF:** Joseph T. Waldo, Blake A. Willis, WALDO & LYLE, P.C., Norfolk, Virginia, for Appellant.  Graham K. Bryant, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA,

Richmond, Virginia; D. Rossen S. Greene, Suffolk, Virginia, Bryan S. Peeples, PENDER & COWARD, P.C., Virginia Beach, Virginia, for Appellees.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This civil action on appeal from the Eastern District of Virginia relates to the forced relocation of a dentist office to make way for a highway expansion. The plaintiffs, Dr. Michael Fernandez, D.D.S., Ltd., and Dr. Miguel Fernandez, D.D.S., have alleged a variety of claims against the defendant officials of the Virginia Department of Transportation ("VDOT"), Commissioner of Highways Stephen C. Brich and State Right of Way and Utilities Director Lori A. Snider. By their appeal, the plaintiffs contest the district court's rulings only with respect to one claim — their Fourteenth Amendment equal protection claim — and only insofar as that claim is asserted against the defendants in their official capacities.

After initiating this civil action in February 2023, the plaintiffs filed their operative amended complaint in the district court on April 12, 2023. *See Dr. Michael Fernandez, D.D.S., Ltd. v. Brich*, No. 2:23-cv-00069 (E.D. Va. Apr. 12, 2023), ECF No. 12 (the "Operative Complaint"). In support of the official-capacity equal protection claim, the Operative Complaint alleges that the plaintiffs were subjected to disparate treatment and discriminatory animus when the defendants denied them relocation benefits that were provided to similarly situated persons — what is known as a "class of one" equal protection claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). The defendants thereafter moved to dismiss the official-capacity equal protection claim for lack of

3

jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).

By its Memorandum Opinion and Order of December 18, 2023, the district court dismissed the official-capacity equal protection claim under Rule 12(b)(1) for lack of jurisdiction, on the ground that the claim does not qualify for the *Ex parte Young* exception to Eleventh Amendment immunity. *See Dr. Michael Fernandez, D.D.S., Ltd. v. Brich*, No. 2:23-cv-00069, at 23-24 (E.D. Va. Dec. 18, 2023), ECF No. 25 (the "First Opinion"); *see also generally Ex parte Young*, 209 U.S. 123 (1908). The First Opinion explained that the Operative Complaint "do[es] not allege an ongoing violation of [the plaintiffs'] equal protection rights, but rather that their equal protection rights were violated at one time or over a period of time in the past." *See* First Opinion 24 (internal quotation marks omitted); *see also DeBaunche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999) (explaining that the *Ex parte Young* exception applies only where violations are ongoing, can be cured by prospective relief, and have not "occurred entirely in the past").

On January 15, 2024, the plaintiffs moved for leave to file an attached second amended complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See Dr. Michael Fernandez, D.D.S., Ltd. v. Brich*, No. 2:23-cv-00069 (E.D. Va. Jan. 15, 2024), ECF No. 27-1 (the "Proposed Complaint"). Pertinent to the official-capacity equal protection claim, the Proposed Complaint realleges that the plaintiffs were told by a Virginia Deputy Attorney General that "had [the plaintiffs] not hired attorneys to represent them, had not filed suit against VDOT, and had not tried to enforce their rights, VDOT would have paid more in relocation assistance and benefits." *See* Proposed Complaint

4

¶ 78.  The Proposed Complaint also newly alleges that the plaintiffs are facing an ongoing threat of injury from the defendants' discriminatory treatment because they are still making payments on financing, including interest, obtained to cover the cost of the move.  *Id.* ¶¶ 84-89, 150.

By its Memorandum Opinion and Order of June 24, 2024, the district court denied leave to file the Proposed Complaint as futile.  *See Dr. Michael Fernandez, D.D.S., Ltd. v. Brich*, No. 2:23-cv-00069 (E.D. Va. Jun. 24, 2024), ECF No. 30 (the "Second Opinion"); *see also Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019) ("A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss.").  The court relied on a deficiency in the Proposed Complaint that the defendants had raised — but the court did not reach — as to the Operative Complaint:  that the plaintiffs have failed "to identify similarly situated comparators" for purposes of their official-capacity equal protection claim.  *See* Second Opinion 9.  As such, the court recognized that the claim as alleged in the Proposed Complaint "fails the Rule 8 pleading standard and would not survive a Rule 12(b)(6) motion to dismiss."  *Id.*

In the Second Opinion, the district court also addressed the plaintiffs' contention that, by not previously dismissing the official-capacity equal protection claim for lack of adequate allegations of comparators, the court had implied in the First Opinion that the Operative Complaint's allegations are sufficient.  *See* Second Opinion 9.  The court rejected that contention, explaining that — because the First Opinion dismissed the official-capacity equal protection claim as being foreclosed by the Eleventh Amendment — the court "had no proper occasion to decide whether [the Operative Complaint] sufficiently

5

ple[ads] [such] equal protection claim." *Id*. Meanwhile, the court did not address in the Second Opinion whether the official-capacity equal protection claim as alleged in the Proposed Complaint is barred by Eleventh Amendment immunity.

On appeal, the plaintiffs challenge both the First Opinion and the Second Opinion with respect to their rulings on the official-capacity equal protection claim. We review de novo the First Opinion's 12(b)(1) dismissal of that claim as barred by Eleventh Amendment immunity and the Second Opinion's denial of amendment as futile. *See SAS Assocs. 1, LLC. v. City Council for City of Chesapeake*, 91 F.4th 715, 719 (4th Cir. 2024) (de novo review of 12(b)(1) dismissal); *In re KBR, Inc., Burn Pit Litig.,* 744 F.3d 326, 333 (4th Cir. 2014) (de novo review of denial of motion to amend as futile). Having thoroughly reviewed the record and carefully considered the briefs and arguments of the parties, we discern no error in the First or Second Opinion. Accordingly, we affirm the judgment of the district court.[*]

*AFFIRMED*

---

[*] In the circumstances, we need not reach and resolve the parties' dispute on appeal as to whether the Proposed Complaint's allegations concerning the statements of the Deputy Attorney General demonstrate discriminatory animus.