NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PACIFIC COMMUNITY RESOURCE CENTER, (PCRC); MICHAEL J. CASSIDY, Director, Pacific Community Resource Center, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF GLENDALE, OREGON, City Staff and Council Members; FRED JENSEN, Mayor; BETTY STANFIL, City Manager; KAREN MEHL, Council Member; ALLEN KING, Council Member; AUDINA JEPHSON, Council Member; JIM E. STANDARD, Council Member; BILL BOAL, Council Member; CONNIE STEVENS, Council Member, <br><br> Defendants-Appellees. | No. 15-35280 <br><br> D.C. No. 6:13-cv-01272-MC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted June 9, 2017
Portland, Oregon

Before: GOULD and RAWLINSON, Circuit Judges, and RAYES,[**] District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas L. Rayes, United States District Judge for the

Judge.

Pacific Community Resource Center and Michael J. Cassidy (collectively, "PCRC") appeal from the jury verdict and judgment in favor of the City of Glendale, Oregon and various city officials (collectively, "City"). PCRC's failure to designate the judgment in its Notice of Appeal, as required by Federal Rule of Appellate Procedure 3(c)(1)(B), is not a jurisdictional bar because PCRC's intent to appeal the judgment can be fairly inferred and the omission did not prejudice the City. *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir. 1986). We therefore have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

PCRC challenges the district court's jury instruction that "[t]o establish a 'class of one' claim under the Equal Protection Clause, plaintiffs must demonstrate by a preponderance of the evidence that: (1) defendants intentionally treated plaintiffs differently from others similarly situated; and (2) there was no rational basis for this difference in treatment." PCRC contends that the district court misstated the law by not instructing the jury that the City bore an initial burden of providing a rational basis for treating PCRC differently than others similarly situated.

PCRC did not contemporaneously object to the district court's instruction, and such an objection would not have been pointless under the circumstances.

_____

District of Arizona, sitting by designation.

2

Because PCRC did not properly preserve its challenge, we have discretion to review the district court's instruction for, at most, plain error. *Chess v. Dovey*, 790 F.3d 961, 970–71 (9th Cir. 2015); *C.B. v. City of Sonora*, 769 F.3d 1005, 1016–18 (9th Cir. 2014) (en banc); Fed. R. Civ. P. 51(d)(2). Under plain error review, we consider "whether (1) there was an error; (2) the error was obvious; and (3) the error affected substantial rights." *City of Sonora*, 769 F.3d at 1018.

Applying this standard, the district court's instruction was not plainly erroneous. The final instruction correctly stated the law and comported with the way in which this Court and the United States Supreme Court previously have described the essential elements of a "class of one" claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Gerhart v. Lake Cty. Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

**AFFIRMED.**