NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TANIKO C. SMITH, | No. 17-15960 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-00456-MMD-WGC |
| v. | |
| ISIDRO BACA, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Nevada state prisoner Taniko C. Smith appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action at screening alleging

various constitutional claims relating to the denial of visitation with his fiancé, a

former staff member at Smith's prison.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We reverse and remand.

The district court dismissed Smith's equal protection claim because the decision to deny Smith's request for visitation was discretionary. However, Smith alleged that by denying his fiancé visitation because she was a former prison employee, prison authorities treated him differently than other similarly situated inmates, and did so without a legitimate penological justification. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) (elements of "class of one" equal protection claim); *Sandin v. Conner*, 515 U.S. 472, 487 n.11 (1995) (Equal Protection Clause protects prisoners from arbitrary state action); *McElyea v. Babbit*, 833 F.2d 196, 197-98 (9th Cir. 1987) (prison policy that impinges on prisoner's constitutional rights must be reasonably related to a legitimate penological interest). We reverse the dismissal of Smith's equal protection claim and remand for defendants to respond to the complaint.

We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**REVERSED and REMANDED.**