**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1061

DANIEL SULLIVAN, Frederick Police Officer,

Plaintiff - Appellant,

v.

CITY OF FREDERICK, MARYLAND; EDWARD HARGIS, Frederick Police Department Chief of Police, in his personal and professional capacity; PATRICK GROSSMAN, Captain, in his personal and professional capacity; THOMAS TOKARZ, Lieutenant, in his personal and professional capacity; JOHN DOE FREDERICK POLICE DEPARTMENT, in their personal and professional capacities; JANE DOE FREDERICK POLICE DEPARTMENT, in their personal and professional capacities,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:17-cv-01881-JKB)

Submitted: August 31, 2018                    Decided: September 19, 2018

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel L. Cox, THE COX LAW CENTER, LLC, Emmitsburg, Maryland; John Garza, GARZA LAW FIRM, P.A., Rockville, Maryland, for Appellant. Clifford B. Geiger,

Darrell R. VanDeusen, J. Garrett Wozniak, KOLLMAN & SAUCIER, P.A., Timonium, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Sullivan appeals from the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss his initial eight-count complaint and motion to strike his amended eight-count complaint.[*] The district court determined the counts alleged in the initial complaint failed to state a claim on which relief could be granted and that the amendments in the amended complaint were futile. We affirm.

We review a district court's dismissal under Rule 12(b)(6) de novo, accepting as true all the factual allegations contained in the complaint and drawing all reasonable inferences from those facts in favor of the plaintiff. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 635 (2018). "To survive a Rule 12(b)(6) motion, a complaint must allege facts sufficient to raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012) (internal quotation marks and alterations omitted). "[A]lthough we must accept the truthfulness of all factual allegations" in a complaint, *id.*, statements of bare legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). We will accept the conclusions the plaintiff draws from the facts "only to the extent they are plausible based on the factual allegations." *Burnette*, 687 F.3d at 180. Additionally, under Rule 12(b)(6), documents explicitly incorporated into the complaint by reference, documents

---

[*] Although the district court's order dismissed count VIII in both complaints without prejudice, we have determined that the order is appealable. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-24 (4th Cir. 2015).

3

attached as exhibits, and documents submitted by a movant that were not attached to or expressly incorporated into a complaint that are integral to the complaint and authentic are considered. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164-66 (4th Cir. 2016).

"[T]he grant or denial of an opportunity to amend is within the discretion of the district court." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (internal quotation marks omitted). We thus review the district court's denial of leave to amend for abuse of discretion. *Id.* "A district court's denial of leave to amend is appropriate when (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith on the part of the moving party; or (3) the amendment would have been futile." *Id*. (internal quotation marks omitted). Amendments are futile when "the proposed amendments could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 914 (4th Cir. 1995).

We further may affirm the district court's rulings on any ground supported by the record, regardless of the ground on which the district court relied. *Drager*, 741 F.3d at 474.

With these standards in mind, we have reviewed the record and the parties' briefs and find no reversible error in the district court's judgment. Counts I and III of the initial and amended complaints and count VI of the initial complaint failed to state plausible claims for relief for the reasons stated by the district court. *Sullivan v. City of Frederick, Md.*, No. 1:17-cv-01881-JKB. (D. Md. Jan. 9, 2018). Count II in both complaints fails to state a plausible claim for relief based on Sullivan's failure to allege he was intentionally treated differently from others similarly situated. *See Engquist v. Or. Dep't of Agric.*,

4

553 U.S. 591, 603-04 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563-64 (2000) (per curiam); *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Count IV in both complaints fails to state a plausible claim for relief based on Sullivan's failure to allege discrimination on the basis of membership in any particular class and his bare assertions of a conspiracy. *See Iqbal*, 556 U.S. at 678; *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346-47 (4th Cir. 2011); *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Count V in both complaints and count VI in the amended complaint fail to state plausible claims for relief because those counts offered only "labels and conclusions" and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and alteration omitted). Count VII in both complaints fails to state a plausible claim for relief because the statements at issue were not defamatory for the reasons noted by the district court. *Sullivan*, No. 1:17-cv-01881-JKB (D. Md. Jan. 9, 2018). We also discern no reversible error in the district court's dismissal of count VIII in both complaints without prejudice to allow Sullivan to refile his claim in state court. *See* Md. Code Ann., General Provisions § 4-362(a).

Sullivan's arguments on appeal do not establish to the contrary, and we reject them as without merit. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5