**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2020[*]
Decided July 1, 2020

*Before*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3252

| | |
|---|---|
| LEWANA HOWARD,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18-cv-04430 |
| GABRIEL DEFRATES, et al.,<br>    *Defendants-Appellees*. | Andrea R. Wood,<br>*Judge*. |

**O R D E R**

After the Illinois Department of Human Rights dismissed Lewana Howard's complaints of age discrimination and retaliation against her employer for lack of substantial evidence, Howard sued the investigator and his supervisors under 42 U.S.C. § 1983. She claimed that the investigation was biased in favor the employer, CVS Pharmacy. The district court dismissed her second amended complaint, concluding that Howard had not stated a claim under either the Due Process Clause or the Equal

---

[*] We have agreed to decide the case without oral argument the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Protection Clause. We agree that her allegations do not add up to a federal constitutional claim, and so we affirm the district court's judgment.

We take Howard's allegations as true, drawing inferences in her favor. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012). Howard filed two complaints with the Illinois Department of Human Rights, alleging, first, that she experienced discrimination in her position at CVS because of her age, and next, that CVS retaliated against her. The Department began an investigation to determine whether substantial evidence supported the charges. *See* 775 ILCS 5/7A-102(D)(2). The same investigator assessed both claims. After gathering evidence and interviewing Howard's employer, he concluded that substantial evidence did not support her complaints. Department supervisors signed off on the finding and dismissed the complaints. *See* 775 ILCS 5/7A-102(D)(3). Howard then had the option of seeking review with the Illinois Human Rights Commission (the Department's adjudicatory arm) or bringing an action in Illinois circuit court to appeal the dismissal of her charges. *Id*.

Instead, Howard sued the investigator and his supervisors in federal court for damages, asserting that they had violated her constitutional rights; she specifically invoked the Equal Protection Clause. In the operative complaint, she alleged that the investigator failed to follow state regulations for investigating discrimination complaints and demonstrated bias in favor of CVS. In particular, she alleged that the investigator did not allow her to confront or cross-examine the witnesses he interviewed; asked CVS what would happen to Howard's manager if her charges were proved true; allowed CVS to turn in evidence late; failed to require CVS to submit relevant evidence; and ignored Howard's evidence. The supervisors, meanwhile, "intentionally overlooked and ignored" the investigator's misconduct.

After multiple rounds of pleading, the defendants moved to dismiss the second amended complaint. The district court first assessed whether Howard stated a class-of-one equal-protection claim. (Howard disclaimed any contention that the investigator or supervisors mistreated her because of membership in a protected class.) It determined, however, that her allegations would not allow an inference that she was targeted for mistreatment without a rational basis. Further, the investigator's question about the consequences of the investigation for Howard's supervisor did not imply bias against Howard. Moreover, to the extent that proper procedures were overlooked, the court concluded that Howard's allegations did not plausibly suggest anything beyond negligence, which did not rise to the level of a federal constitutional claim.

Construing Howard's pro se complaint generously, the court also considered whether her allegations could support a procedural due process claim and concluded

that they could not. Any such claim failed because Howard had not plausibly alleged that the state procedures failed to ensure her federal due process rights. And to the extent she alleged a violation of the permanent injunction entered in *Cooper v. Salazar*, No. 98 C 2930, 2001 WL 1351121, *6 (N.D. Ill. Nov. 1, 2001), requiring Department investigators to allow claimants to cross-examine witnesses in fact-finding conferences and prohibiting the Department from weighing evidence in making a substantial-evidence determination, she had to file a motion in that case. Howard declined a third opportunity to amend and chose to stand on her existing allegations. The court, therefore, dismissed the complaint with prejudice and entered final judgment.

On appeal, Howard's brief, though light on argument, generally challenges the propriety of the dismissal for failure to state a claim. We review de novo the question whether the complaint stated a claim for relief that is plausible on its face—i.e., that it contains allegations that, if true, allow a reasonable inference that the defendants are liable for a constitutional violation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020).

Although Howard emphasizes the alleged denial of her right of equal protection, she is not required to choose a legal theory at the pleading stage. *Koger v. Dart*, 950 F.3d 971, 974–75 (7th Cir. 2020) ("Complaints plead *grievances*, not legal theories."). Like the district court, we consider whether she could state a claim under the Due Process Clause because the injury Howard claims is a denial of a fair process.

A federal due process claim depends in the first instance on the existence of a federally protected liberty or property interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Simpson v. Brown Cty.*, 860 F.3d 1001, 1006 (7th Cir. 2017). The state-established right to pursue a discrimination claim through adjudicatory procedures can be a property interest, the deprivation of which implicates the Due Process Clause. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429–33 (1982); *Shvartsman v. Apfel*, 138 F.3d 1196, 1199 (7th Cir. 1998) (clarifying that the protected property interest in *Logan* was the discrimination claim, not the adjudicatory procedures). An administrative investigation may be "adjudicatory" if, like the one here, it results in the "dismissal of a civil rights claim, where that dismissal acts as a final disposition of the claim on the merits subject only to appeal." *Cooper v. Salazar*, 196 F.3d 809, 815 (7th Cir. 1999).

The question turns to what process Howard was due as a matter of federal law. *See Mathews*, 424 U.S. at 333–34; *Simpson*, 860 F.3d at 1006. Here, Howard does not allege that the she was deprived of the hallmarks of federal due process; indeed, the state provides a comprehensive process to investigate and adjudicate discrimination claims filed with the Department. That process afforded Howard the opportunity to have the

Department decide her case on its merits, so she cannot plausibly argue that she was deprived of the right to pursue her discrimination claim. *Cf. Logan*, 455 U.S. at 434–35 (dismissal of claim before merits ruling violated due process). Howard argues that she was deprived of meaningful review of her claim, though, because the investigator violated numerous Department requirements for substantial-evidence investigations. She did not, however, avail herself of her right to appeal the dismissal of her charges at the substantial-evidence stage, so she faces a high bar in arguing that the state's procedures were inadequate to protect her due process rights. *See Tucker v. City of Chicago*, 907 F.3d 487, 492 (7th Cir. 2018). Because the violation of state procedural rules is not the concern of federal due process, *see id*. at 495, her allegations about the investigation do not clear that bar.

In any event, Howard's allegations that the investigation was tainted or unfair do not cross the threshold of plausibility. Given the presumption of a state administrator's impartiality, Howard needed to allege circumstances that seriously threatened her chances of receiving a fair investigation—such as a fraught personal history or a conflict of interest. *See Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 675 (7th Cir. 2016). Howard's examples of the investigator's purported bias (to the extent they go beyond misapplying procedural rules about evidence and deadlines) do not meet this standard. This is particularly true in light of Howard's concession during a district court hearing that she was "not sure" why the investigator would be biased against her.

Next, we consider Howard's contention that her allegations state a claim under the Equal Protection Clause. Because she does not allege discrimination based on membership in a protected class, Howard's only conceivable equal-protection claim is a class-of-one claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000). Here, however, her allegations that the investigator ignored evidence of discrimination and failed to follow proper procedures (whereas other claimants were treated fairly) cannot support a class-of-one claim. The decision to dismiss her claim after an investigation was discretionary and required individualized assessment. Allowing an equal-protection claim on the ground that Howard received an unfavorable outcome "even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603–04 (2008); *see Katz-Crank v. Haskett*, 843 F.3d 641, 649 (7th Cir. 2016).

Finally, to the extent Howard also seeks to enforce the injunction in *Cooper*, 2001 WL 1351121 at *6, requiring Department investigators to allow claimants to cross-examine witnesses in fact-finding conferences, we agree with the district court that this is not the proper forum. A civil-contempt motion in that case is the appropriate

channel for seeking enforcement of the injunction. *See Ohr ex rel. Nat'l Labor Relations Bd. v. Latino Exp., Inc.*, 776 F.3d 469, 479–80 (7th Cir. 2015); *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 458–59 (7th Cir. 1993). We express no opinion on whether such a motion would be appropriate in Howard's case.

AFFIRMED