*Williams v. Smith*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-six.

PRESENT:

> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

STEPHEN J. WILLIAMS,

> *Plaintiff-Appellant,*

> v.                                                          No. 24-2733

DARYL NORVAL SMITH, *in his individual capacity and in his capacity as a representative for the FAA administrator,* FEDERAL AVIATION ADMINISTRATION, *an agency of the United States Federal government,* NICHOLAS ALBERT

EULL, *in his capacity as manager of the FAA Bradley Flight Standards District Office*, MICHAEL GORDON WHITAKER, THE DEPARTMENT OF MOTOR VEHICLES, *an agency of the State of Connecticut*, ANTONIO TONY GUERRERA, *in his capacity as the Commissioner of Motor Vehicles*, ANTHONY FAMIGLIETTI, *in his capacity as legal counsel for the Department of Motor Vehicles*, EILEEN MESKILL, *in her capacity as legal counsel for the Department of Motor Vehicles*, RONALD DANTE FONTENOT, *in his capacity as the acting manager of the FAA Specialty Aircraft Examiner Branch*, JANE DOES, AND VARIOUS UNKNOWN, *in their capacity as employees of the Department of Motor Vehicles*, JOHN DOES, AND VARIOUS UNKNOWN, *in their capacity as employees of the Department of Motor Vehicles*, JANE DOES, VARIOUS UNKNOWN, *in their capacity as employees of the Federal Aviation Administration*, JOHN DOES, VARIOUS UNKNOWN, *in their capacity as employees of the Federal Aviation Administration*,

*Defendants-Appellees*,

JASON AUBREY GEORGE, *in his capacity as manager of the FAA Bradley Flight Standards District Office, now retired*, BILLY JOE NOLEN, *in his capacity as the acting administrator of the FAA*, CAROL CECCONE CARPENTER, *in her individual capacity as partner operating under the registered Missouri fictitious name Rainbow Aviation Services*, BRIAN JOHN CARPENTER, *in his individual capacity as partner operating under the registered Missouri fictitious name Rainbow Aviation Services*,

2

*Defendants.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | STEPHEN J. WILLIAMS, *pro se*, Storrs, CT. |
| **For Connecticut Defendants-Appellees:** | BRIAN E. TETREAULT, Connecticut Office of the Attorney General, Hartford, CT. |
| **For Federal Defendants-Appellees:** | JOHN W. LARSON (Elena Lalli Coronado, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarala V. Nagala, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 12, 2024 judgment of the district court is **AFFIRMED**.

Stephen J. Williams, an attorney proceeding *pro se*, appeals from the district court's judgment dismissing his claims against (i) the Federal Aviation Administration ("FAA") and various FAA officials (collectively, the "Federal Defendants") for allegedly violating the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), when they delayed the scheduling of his flight-instructor exam, and (ii) the Connecticut Department of Motor Vehicles ("DMV") and various DMV officials (collectively, the "Connecticut Defendants") for allegedly violating

3

his constitutional rights when they suspended his driver's license for non-payment of a speeding ticket. On appeal, Williams argues that the district court erred in concluding that (i) the FAA's legal interpretation regarding licenses for flight-simulator instructors was an interpretive rule exempt from notice-and-comment rulemaking; (ii) the FAA's delay in scheduling his exam was reasonable; and (iii) Connecticut's suspension of his driver's license for failure to pay the fine on a speeding ticket comported with due process. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"We review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff[]." *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2d Cir. 2012). Although we "ordinarily . . . afford a special solicitude to *pro se* litigants," "a lawyer representing himself" – like Williams – will generally "receive[] no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

For substantially the reasons identified by the district court, we affirm. *First*, we agree with the district court that the FAA's legal interpretation – issued as a letter from Rebecca B. MacPherson, Assistant Chief Counsel for Regulation, to

4

Stephen Gatlin, *see* 2010 WL 3827463 (Sept. 24, 2010) – was at most an interpretive rule, not a legislative rule, and was therefore not subject to the "notice[-]and[-]comment provisions of the APA," *Sweet v. Sheahan*, 235 F.3d 80, 90 (2d Cir. 2000); *see also* 5 U.S.C. § 553(b)(A). "[L]egislative rules are those that create new law, rights, or duties, in what amounts to a legislative act"; by contrast, "[i]nterpretive rules . . . do not create rights, but merely clarify an existing statute or regulation." *Id.* at 91 (internal quotation marks omitted). Because the legal interpretation here was merely the FAA's response to an individual's question regarding the meaning of a particular term in a preexisting FAA regulation, it by no means "create[d] new law, rights, or duties." *Id.* (internal quotation marks omitted).

*Second*, we agree with the district court that, at the time of its decision, Williams's unreasonable-delay claim was not ripe because he no longer met the prerequisites for his flight-instructor exam. As a result, Williams lacked Article III standing. *See Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (explaining that ripeness relates to the first prong of the standing inquiry and requiring a plaintiff's injury to be "actual or imminent," and not merely "conjectural or hypothetical" (internal quotation marks omitted)). To be sure, Williams *had* met two prerequisites for certification – possessing a current logbook

endorsement and a current knowledge-test report – when he first filed suit; but those documents had expired by the time the district court ruled on the Federal Defendants' motion to dismiss, and "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998). Because Williams now lacks the prerequisites for certification, his case presents "a mere hypothetical question," and he therefore lacks standing. *Walsh*, 714 F.3d at 687 (internal quotation marks omitted).

*Third*, we find no error in the district court's dismissal of Williams's claims against the Connecticut Defendants. Williams argues that the Connecticut Defendants deprived him of a property interest in his driver's license without due process of law because they suspended his license after he refused to pay a thirty-five-dollar fine following his conviction for speeding. But as the district court correctly pointed out, Williams's complaint does not allege any facts to suggest that the process leading up to the suspension was inadequate. *See Gudema v. Nassau County*, 163 F.3d 717, 724 (2d Cir. 1998) (commenting that "[i]t is well established" that a state may not revoke a driver's license "without affording notice and some opportunity to be heard prior to the deprivation").

6

*Finally*, we find no merit in Williams's claim that the district court's docketing procedures violate the Equal Protection Clause or any other constitutional provision. Although Williams conclusorily asserts that his technical issues with the district court's electronic-case-filing system reflect that he was "intentionally treated differently from other[] similarly situated" litigants, *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), Williams offers no factual basis to support his argument that the district court treated him differently from any other litigant.

<div align="center">*    *    *</div>

We have considered Williams's remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the district court's judgment.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Andrew Barnes, Chief Deputy Clerk
</div>

---

[1] Williams also asserts that the Second Circuit Clerk's Office has usurped this Court's Article III authority because it rejected some of his filings after he failed to comply with our filing procedures. *See, e.g.*, Strike Order, Doc. No. 47, *Williams v. Smith*, No. 24-760 (2d Cir. July 17, 2024). Because these contentions are irrelevant to this appeal – and are, in any event, baseless – we need not address them here.